United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-40718

GANDY NURSERY, INC., DENNIS C. GANDY, doing business as Dennis
Gandy Nursery, GANDY MARKETING AND TRUCKING, INC.,
DENNIS C. GANDY,

Plaintiffs-Appellees,

VERSUS

UNITED STATES OF AMERICA

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

Before REAVLEY, DeMOSS, and PRADO, Circuit Judges.

DeMOSS, Circuit Judge:

Gandy Nursery, Inc. ("Gandy Nursery"), Dennis C. Gandy, d/b/a

Dennis Gandy Nursery, Gandy Marketing and Trucking, Inc. ("GM&T"),

and Dennis C. Gandy ("Gandy"), (collectively, "Appellees") brought

an action in district court against Appellant United States (the

"Government"), seeking a refund for tax penalty assessments and

damages for failure to release certain tax liens.[1] Appellees were

---

[1] By agreement of the parties pursuant to 28 U.S.C. § 636(c),
the magistrate judge was designated to exercise civil jurisdiction
over the proceedings. In this opinion, the magistrate judge will

awarded both tax refunds and damages. On appeal to this Court, the prior panel remanded with instructions to consider whether the Government engaged in unauthorized collection practices under 26 U.S.C. § 7433 when it filed two federal tax liens against GM&T in 1995, and if so, to determine the amount of damages relating thereto. On remand, the district court found the Government violated § 7433 as a matter of law. An advisory jury thereafter determined that GM&T incurred $100,000 in damages as a result of the Government's unlawful collection practices. GM&T was also awarded costs and attorney's fees as well as post-judgment interest on damages awarded GM&T in the first trial. The Government timely filed the instant appeal. For the reasons set forth below, we REVERSE and REMAND the case for further proceedings consistent with the discussion herein.

## BACKGROUND AND PROCEDURAL HISTORY

Appellees filed suit against the Government in November 1995, seeking a refund and abatement of employment tax penalties, income tax, and income tax penalties. Appellees asserted claims under 26 U.S.C. § 7432 for alleged negligent failure to release tax liens as well as a cause of action for damages under 26 U.S.C. § 7433 for alleged unauthorized tax collection practices.[2] The case was tried

---

be referred to as the district court and his rulings as decisions issued by the district court.

[2] Liability under § 7432, which is not the focus of our inquiry, attaches where an officer or employee of the Internal

before the district court and an advisory jury, which concluded that Appellees were entitled to a total of $11,262.42 on their employment tax refund claims. The jury also determined that GM&T was entitled to recover $16,800 under § 7432 as a result of the Government's failure to release a tax lien filed in 1995. While the jury recommended that GM&T also be awarded $630,555.97 for unauthorized collection practices under § 7433, the district court nevertheless determined that it was without jurisdiction to consider Appellees' § 7433 claims as they related to liens filed in 1993.[3]

---

Revenue Service knowingly, or by reason of negligence, fails to release a tax lien on property of the taxpayer. 26 U.S.C. § 7432. Section 7433, the statutory provision at the heart of the issue here, provides in pertinent part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Id. § 7433(a).

[3] The district court's jurisdictional determination was premised on the limitations period found in § 7433, which provides: "Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). Recognizing that the Government's sovereign immunity is not a waivable defense where the plaintiff does not file suit within the prescribed limitations period, see Gandy Nursery, Inc. v. United States, 318 F.3d 631, 637 (5th Cir. 2003) ("Gandy I") (citation omitted), the district court correctly concluded that the suit initiated by Appellees in November 1995 was filed out of time because the liens made subject of the § 7433 claims were filed in

3

On appeal, a panel of this Court affirmed the tax refunds as well as the damages awarded by the district court against the Government under § 7432. Gandy Nursery, Inc. v. United States, 318 F.3d 631 (5th Cir. 2003) ("Gandy I"). Further, this Court remanded the case to the district court to consider whether the Government was liable for unauthorized collection actions under § 7433 when it filed liens against GM&T in April and September of 1995.

On remand, the district court determined that the Government was liable under § 7433 as a matter of law. A second advisory jury was impaneled to determine the damages, if any, GM&T incurred as a result of the Government's unlawful filing of the liens at issue. The jury recommended that GM&T recover $388,500 in damages. The district court reduced the amount recoverable to $100,000 in accordance with the statutory cap set forth in § 7433(b).[4] The district court also awarded Appellees $317,738.50 in costs and attorney's fees and ordered that the Government pay post-judgment

_____

August 1993.

[4] The former section 7433(b) provided, in relevant part:
**(b) Damages**. — In any action brought under subsection (a), . . . upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $100,000 or the sum of –
    (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee, and
    (2) the costs of the action.
26 U.S.C. § 7433(b) (1994). Section 7433(b) was amended in 1996 to increase the amount recoverable from $100,000 to $1,000,000. Id. § 7433 (2002).

interest on the $16,800 awarded GM&T after the first trial relating to the Government's negligent failure to release certain liens under § 7432. The Government timely filed the instant appeal.

## DISCUSSION

**I.   Whether the district court erred in determining the Government was liable to GM&T as a matter of law under 26 U.S.C. § 7433 when it filed certain liens in 1995.**

We review de novo the question of whether the district court erred in finding the Government was liable to GM&T as a matter of law. See Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993).

On appeal, the Government maintains the district court erred when it concluded that GM&T was entitled to recover under § 7433 as a matter of law. Specifically, the Government argues the district court improperly concluded liability had been established either in the district court's first order, or by this Court's opinion in Gandy I. The Government suggests that while the district court made numerous findings in its first order, none of these findings specifically addressed whether there was a specific violation of the Internal Revenue Code (the "Code") when the Government filed certain liens against GM&T in April and September of 1995.[5] The

---

[5] The Government cites to the record for one instance in which it concedes the district court made a specific finding as to the unlawful filing of a tax lien. The lien at issue there, however, was a 1993 lien, which as this Court previously noted, cannot be the basis for recovery under § 7433 because the action was filed out of time. Gandy I, 318 F.3d at 636-37.

5

Government further contends that nowhere in the language of this Court's opinion in Gandy I is there a determination that the Government violated § 7433 when it filed the 1995 liens. Moreover, according to the Government, the district court on remand failed to substantively address any liability issues relating to § 7433 and the 1995 liens. The Government maintains that the absence of such support in the record renders the district court's finding of liability under § 7433 to be without foundation and therefore erroneous.

Appellees, meanwhile, argue the district court supplied the necessary findings supporting its liability determination for the liens filed in 1995 in both its first order and its order on remand. In addition, Appellees maintain that this Court's decision in Gandy I also provides a finding of liability against the Government.

In order to prevail under § 7433, a taxpayer must establish that the Government recklessly or intentionally disregarded a provision of the Code in connection with the collection of federal taxes. See 26 U.S.C. § 7433(a); Gandy I, 318 F.3d at 636-37. We begin our analysis by reviewing the relevant portions of each of the previous orders issued by the courts in this proceeding to evaluate whether there has been a finding of liability against the Government. In its first order, the district court states in its findings of fact:

46. The underlying taxes and penalties in regard to the

> 1993 tax liens had been paid by the [Appellees] and the penalties associated with such taxes had been abated.
> . . .
> 53. Certain penalties that had been abated by the Austin IRS Service Center were again reassessed against the [Appellees] without notice or demand as required under 26 U.S.C. §§ 6201, 6212, 6303.
> . . .
> 55. The IRS office in Tyler later reassessed penalties against the [Appellees] and placed the penalties and interest back on the transcripts without providing proper notice and demand.

Gandy Nursery, Inc. v. United States, No. CIV. A.6:95CV837, 2001 WL 790242, at *4 (E.D. Tex. May 31, 2001).

While the district court makes several explicit findings relating to the lien filed in 1993 by the Government against Dennis Gandy as an individual, nowhere in the first order, however, does the district court mention the 1995 liens filed against GM&T, either expressly or impliedly. Accordingly, in the absence of any other relevant findings, nothing in the district court's first order can be read as supporting a § 7433 liability determination against the Government for the liens filed against GM&T in April and September 1995.

Appellees suggest that on the first appeal, this Court previously made a liability determination against the Government, and thus the issue is law of the case. The specific language relied upon by Appellees focuses on a statement in a footnote that provides:

> [T]estimony and other evidence in the record clearly shows that the IRS filed a lien in April. There is also record evidence of a lien filed in September 1995.

7

<u>Gandy I</u>, 318 F.3d at 638 n.3.  Without more, the above statement simply notes the existence of liens filed in 1995 and fails to even acknowledge against which entity those liens were filed.  Again, we cannot interpret this language as supporting a specific finding of § 7433 liability against the Government for filing the 1995 liens against GM&T.

In another portion of this Court's prior opinion, the panel addressed Appellees' contention that they were entitled to recover under § 7433 for the Government's <u>failure to release</u> the 1995 liens in addition to the recovery they sought under the same statute for the Government's initial filing of those liens.  <u>Id.</u> at 636-38.  This Court discussed in general terms how the filing of a lien can constitute an unauthorized collection activity under § 7433, but held that the failure to release such a lien cannot.  <u>Id.</u> at 638.  Therefore, the Court concluded, "the district court should have considered damages with respect to the filing of the[] 1995 liens with respect to Section 7433.  Accordingly, these claims fit within the scope of Section 7433 and therefore should be remanded to the district court for further adjudication."  <u>Id.</u>

Admittedly, the directive to the district court to consider damages can arguably be read to assume that any underlying liability had been established.  However, when read in conjunction with the remainder of the opinion, any perceived ambiguity is necessarily eliminated.  Specifically, the <u>Gandy I</u> Court, in its concluding paragraph, stated:

8

Accordingly, we remand to the district court for further consideration regarding <u>whether the filing of the April 1995 and September 1995 liens may constitute unauthorized collection actions under Section 7433</u>. In all other respects, the district court's judgment is affirmed.

<u>Gandy I</u>, 318 F.3d at 639 (emphasis added). It is clear from this language that the mandate of this Court was that the district court make findings and conclusions as to the liability, if any, of the Government under § 7433 when it filed liens in April and September 1995. This Court did not make any liability determinations on this issue.

Then, on remand from this Court in <u>Gandy I</u>, the district court issued an order declaring that the Government was liable to GM&T under § 7433 as a matter of law. In support of its finding, the court cites to <u>Gandy I</u>, specifically referring to page 639 of the opinion. The only relevant passage from that page is the concluding paragraph cited above, which as we have noted, cannot be read to have established liability under § 7433. The district court did make additional findings in its findings of fact and conclusions of law, although many were restatements from its first order.[6] The district court stated:

3. After extensive briefing by both parties on the remand issues, a telephone hearing was held in this Court on August 20, 2003. After due consideration of each parties' Briefs and Argument, this Court held that the United States is liable as a matter of law as to the

---

[6] Moreover, the findings of fact and conclusions of law issued on remand related to the advisory jury's determinations as to the subsequent damages awarded Appellees, not to the preliminary issue of liability under § 7433.

issue of whether the filing of the April and September 1995 liens constituted unauthorized collection actions under 26 U.S.C. § 7433 (Doc. # 213).

4. The Court finds that the evidence supports that "[c]ertain penalties that had been abated by the Austin IRS Service Center were again reassessed against the Plaintiffs without notice or demand as required under 26 U.S.C. §§ 6201 6212 6303." Amended Findings of Fact at ¶ 53.

Gandy Nursery, Inc. v. United States, No. CIV. A.6:95CV837, 2004 WL 838062, at *1 (E.D. Tex. Mar. 3, 2004).

The district court's reference to the reassessment of the tax penalties in paragraph 4 is the precise excerpt from its findings in its first order relating to the 1993 liens. Again, there does not appear to be anything in the district court's order on remand that specifically discusses the 1995 liens or the propriety of the Government's filing of those liens. Without more we cannot, under de novo review, assess whether the district court erred when it made its finding as to the Government's liability under § 7433.

As stated earlier, to prevail under § 7433, a taxpayer must establish that the Government recklessly or intentionally disregarded a provision of the Code in connection with the collection of federal taxes. See 26 U.S.C. § 7433(a); Gandy I, 318 F.3d at 636-37. We have previously determined that § 7433 is not the proper vehicle for recovering damages relating to an improper assessment of taxes. Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994). In Shaw, this Court observed that demonstrating an improper assessment of taxes and establishing improper collection

10

activities involve proof of distinctive facts. Id. "[T]o prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets." Id. The Shaw Court concluded that "based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes." Id. The filing of a tax lien based on an invalid tax assessment is not a per se violation of § 7433.

The relevant findings made by the district court specifically focus on the reassessment of employment tax penalties without notice, not the means by which the Government attempted to thereafter collect on those monies it believed were owed. Moreover, the record reflects that such reassessments were made against Dennis Gandy d/b/a Gandy Nursery, not GM&T. The record evidence also reveals that the lien filed against GM&T in April 1995 related not to any reassessment of tax penalties, but to unpaid interest GM&T owed on prior unpaid employment taxes.[7] Further, there is no evidence that a lien was filed specifically against GM&T in September 1995.

The specific mandate of this Court in Gandy I was for the district court to consider "whether the filing of the April 1995

_____

[7] GM&T tardily filed its employment tax returns in 1992 and was subsequently required to pay interest as a consequence thereof.

11

and September 1995 liens may constitute unauthorized collection actions under Section 7433." 318 F.3d at 639. Based on a review of the district court's findings of fact in its first order and its order on remand, we conclude the district court has not made findings necessary to support its liability determination under § 7433 for the Government's filing of the liens in April and September of 1995.[8]

## II. Whether the district court erred in awarding GM&T post-judgment interest on damages it was previously awarded under 26 U.S.C. § 7432.

In its order on remand, the district court awarded GM&T post-judgment interest on the $16,800 awarded at the close of the first trial for the Government's failure to release a lien in violation of § 7432. The district court specifically ordered that the Government pay interest beginning from November 7, 2001 (the date on which the Government withdrew its protective appeal) at the overpayment rate established by I.R.C. § 6621.[9]

---

[8] If on remand the district court concludes that the Government recklessly or intentional disregarded a Code provision when it filed the 1995 liens, it must then reevaluate its award for costs and attorney's fees. On appeal, the Government challenges the reasonableness of the award insofar as the award: (1) reflected work performed for claims on which Appellees were not successful, see Wilkerson v. United States, 67 F.3d 112, 119 (5th Cir. 1995); and (2) upwardly departed from the statutory cap for hourly rates, see Pierce v. Underwood, 487 U.S. 552, 571-72 (1988); Perales v. Casillas, 950 F.2d 1066, 1078 (5th Cir. 1992); Bode v. United States, 919 F.2d 1044, 1050 (5th Cir. 1990). Because we remand on the issue of liability, however, we need not address these issues on appeal.

[9] The Government notes that it has since paid GM&T the $16,800 judgment.

12

Interest is recoverable against the United States only when specifically provided for by statute because only by statute can the United States waive its sovereign immunity. Dickerson ex rel. Dickerson v. United States, 280 F.3d 470, 478 (5th Cir. 2002) (quotations omitted). The Government maintains the district court erroneously determined that the appropriate waiver of sovereign immunity for the awarding of such interest under the Code is found at 28 U.S.C. § 1961(c)(1).

The Government relies on an Eighth Circuit case in which the court rejected taxpayers' attempts to recover interest on their attorney's fees that were recovered under § 7430 — the section providing for costs and fees. Miller v. Alamo, 992 F.2d 766, 767 (8th Cir. 1993). In Miller, the court concluded that Congress's failure to place the waiver of sovereign immunity directly in § 7430 evidenced its intent that post-judgment interest should not be allowable for awards provided for under that section. Likewise, in Wilkerson, this Court determined that interest was not recoverable on fees awarded under § 7430 because nothing within the statutory language indicated Congress's intent to expressly waive the Government's immunity from interest awards. 67 F.3d at 120 n.15.

The Government here similarly argues that the absence of an express waiver in § 7432 demonstrates Congress's intent that post-judgment interest is not recoverable on a damages award for the Government's failure to release a lien. We find the reasoning employed by the Eighth Circuit persuasive.

13

It is well settled in this Circuit that interest on claims against the Government cannot be recovered absent a constitutional requirement or an express statutory provision. Knights of Ku Klux Klan, Realm of La. v. East Baton Rouge Parish Sch. Bd., 735 F.2d 895, 902 (5th Cir. 1984) (citations omitted). Congress has promulgated statutes that expressly provide for the recovery of interest on money judgments against the Government, see, e.g., 28 U.S.C. §§ 2411, 2516, and thus we presume that Congress knew how to prescribe the recovery of interest if it intended the Government to be so responsible under § 7432. Section 7432, however, contains no express waiver of sovereign immunity. Further, we do not read § 1961(c) as providing the necessary waiver of sovereign immunity.[10] Section 1961(c) allows the recovery of interest against the Government, but only involving suits filed in the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims. 28 U.S.C. § 1961(c)(2)-(3) (2004). The judgment made the subject of the instant case was not rendered in either of those two courts.

Absent an express waiver of sovereign immunity in § 7432 or in

---

[10] Section 1961(c)(1) provides:
This section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986.
28 U.S.C. § 1961(c)(1) (2004).

14

any other relevant statutory provision, the district court erred in awarding GM&T post-judgment interest on the damages it recovered under § 7432.

## CONCLUSION

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we conclude that the district court did not make the findings necessary to support its determination that the Government, as a matter of law, recklessly or intentionally filed tax liens against GM&T in April and September of 1995 in disregard of the relevant Code provisions and regulations. Moreover, the district court reversibly erred when it awarded GM&T post-judgment interest on damages it was previously awarded under § 7432. Accordingly, we REVERSE the order of the district court and REMAND this proceeding so that the district court can provide specific findings as to whether the Government recklessly or intentionally violated the Code, and thus whether the Government is liable under § 7433, when it filed liens in April and September of 1995.

**REVERSED and REMANDED.**