[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

No. 06-12817
Non-Argument Calendar

_____

D. C. Docket No. 05-00527-CV-2-FTM-33-SPC

WARREN THOMAS BARRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 31, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Warren Thomas Barry challenged an Internal Revenue Service ("IRS")

Collection Due Process ("CDP") determination in federal district court. The district court dismissed for lack of subject matter jurisdiction. We affirm.

Barry argues that the district court had subject-matter jurisdiction over his action because he raised due process issues. Barry contends that, because he alleged violations of the U.S. Constitution and federal statutes, the Tax Court may not hear his appeal because it "is unable to make a ruling of this constitutional magnitude." In support of his argument, Barry relies heavily on Schulz v. IRS, 413 F.3d 297 (2nd Cir. 2005).[1] We review issues of subject matter jurisdiction de novo. Popowski v. Parrott, 461 F.3d 1367, 1372 (11th Cir. 2006).

Under the Internal Revenue Code, when a person who owes a tax neglects or refuses to pay it, the amount owed becomes a lien in favor of the government. 26 U.S.C. § 6321. If the person refuses to pay within ten days of notice and demand for payment, the IRS may collect the tax by levying on the taxpayer's property. 26 U.S.C. § 6331(a). The IRS, however, may not collect by levy until the taxpayer is notified of the right to request a CDP hearing within 30 days of the notice. 26 U.S.C. § 6330(a). If the taxpayer requests a CDP hearing, he may appeal within 30 days of the decision resulting from the hearing. 26 U.S.C. § 6330(d)(1).

An appeal from a CDP ruling must be filed in the Tax Court unless the Tax

---

[1] Because the district court correctly determined that it lacked jurisdiction, we decline to address the merits of Barry's due process claims.

Court does not have jurisdiction over the underlying tax liability, in which case, the appeal is filed in the district court.  Id.  The Tax Court has exclusive jurisdiction over challenges to the IRS's CDP determination of an income tax liability.  26 U.S.C. §§ 6213(a), 6330(d)(1), 7442; 26 C.F.R. §§ 301.6330-1(f)(1), 601.102(b)(1)(i).

Other circuits have concluded that the mere allegation of a due process violation does not confer jurisdiction on the district court if the underlying dispute concerns income taxes.  See Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004); Marino v. Brown, 357 F.3d 143, 146 (1st Cir. 2004).  We followed those cases previously in an unpublished decision and we do so again here.  Peterson v. Kreidich, 139 Fed.Appx. 134, 136 (11th Cir. 2005).  The United States cannot be sued without its consent, and the only consent in a case like this is to be sued in the Tax Court.

Schulz, the case on which Barry relies, is inapposite.  It did not hold that a federal court has subject matter jurisdiction over a challenge to a CDP hearing.  It dealt with a completely different issue: whether a taxpayer may be punished for refusing to comply with an IRS summons before that summons is enforced in federal court.  See Schulz, 413 F.3d at 302.  The Second Circuit has agreed, in an unpublished opinion, that the Tax Court has exclusive jurisdiction over claims such

as Barry's.  <u>See</u> <u>Silver v. Smith</u>, 70 Fed. Appx. 17, 20 (2d Cir. 2003).  Barry has identified no other relevant authority.  Accordingly, because the underlying dispute in this case is about income taxes, the district court correctly held that the Tax Court has exclusive jurisdiction over the case and its ruling is hereby affirmed.

**AFFIRMED.**