# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

No. 08-10288
Summary Calendar

Charles R. Fulbruge III
Clerk

HAROLD W SMITH, III

                                          Plaintiff - Appellant

V.

UNITED STATES OF AMERICA; KAREN W GARDNER, Individually and in her capacity as an Internal Revenue Service Employee; WALLACE G BANKS, Individually and in his capacity as Settlement Officer for Internal Revenue Service; DEBORAH GLOVER, Individually and in her capacity as Settlement Officer for Internal Revenue Service; MARY J HOWARD, Individually and in her capacity as Team Manager for Internal Revenue Service; MAUREEN A JUDGE, Individually and in her capacity as Operations Manager, Collections for Internal Revenue Service; REED

                                          Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-313

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harold W. Smith, III appeals the district court's dismissal of his action for lack of subject matter jurisdiction. For the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

In 2001, the Internal Revenue Service ("IRS") issued to Smith notices of lien filing and intent to levy with respect to his unpaid federal income taxes for the years 1986–1988 and 1993–1996, along with a notice of his right to a collection-due-process ("CDP") hearing before the IRS Office of Appeals. The IRS had determined that Smith, who had not filed income tax returns since 1986, had failed to pay more than $250,000 in income taxes (including penalties and interest). After failing to appear at the scheduled CDP hearing, Smith filed a hearing request with the IRS Office of Appeals to obtain a new CDP hearing. Smith was then offered a telephone CDP hearing but did not avail himself of that opportunity. In March 2006, the IRS Office of Appeals issued a notice of determination sustaining the lien filing and proposed levies. The notice of determination also advised Smith that he could petition the United States Tax Court (the "Tax Court") for a redetermination within thirty days.

Smith never sought relief from the Tax Court. Instead, Smith contested the notice of determination by filing a complaint against an IRS settlement officer in the District Court for the Eastern District of Texas; that complaint was dismissed for lack of jurisdiction based on the Tax Court's exclusive jurisdiction to review CDP determinations involving income taxes. Smith then brought this action in the District Court for the Northen District of Texas seeking judicial review of the IRS Office of Appeals determinations and damages for alleged misconduct by IRS employees. The government moved to dismiss the complaint for lack of subject-matter jurisdiction. On January 22, 2008, upon

recommendation of the magistrate judge, the district court granted the motion and dismissed the case. Smith appeals.

## II. STANDARD OF REVIEW

This court reviews de novo the dismissal of a case for lack of subject matter jurisdiction. Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 389 (5th Cir. 2003). "Courts must strictly construe all waivers of the federal government's sovereign immunity, resolving all ambiguities in favor of the sovereign." Id. (quotation and alternation omitted).

## III. DISCUSSION

We fully agree with the district court's conclusion that it lacked subject-matter jurisdiction to hear the dispute for the reasons stated in the magistrate judge's report. "The Tax Court has exclusive jurisdiction over challenges to the IRS's CDP determination of an income tax liability." Barry v. United States, 215 F. App'x 933, 934 (11th Cir. 2007) (unpublished); see 26 U.S.C. § 6330(d)(1) (appeals from CDP determinations are filed with the Tax Court); 26 C.F.R. § 601.102(b)(1)(i) (income taxes are within the jurisdiction of the Tax Court). Further, the mere allegation of a due process violation in connection with the CDP hearing process is insufficient to confer jurisdiction on the district court. Barry, 215 F. App'x at 935; Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir.2004). Smith's attempts to establish district court jurisdiction based on 26 U.S.C. § 7433 and the Paperwork Reduction Act are similarly unavailing. Section 7433 covers improper government conduct in the collection of federal taxes—it "is not the proper vehicle for recovering damages relating to an improper assessment of taxes." Gandy Nursery, Inc. v. United States, 412 F.3d 602, 607 (5th Cir. 2005). The Paperwork Reduction Act provides a defense to administrative or judicial

enforcement actions, but does not create a private right of action for alleged violations of the statute. See 44 U.S.C. § 3512; see also Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir. 1999).

Rather than presenting rational arguments challenging the holdings of the district court, Smith's brief contains nothing more than tax protestor rhetoric and new baseless arguments. Smith argues at length that the Federal Register Act of 1935 and the Administrative Procedures Act of 1946 exempt him from the imposition of federal taxes. We fail to see how this has anything to do with the district court's jurisdiction over the dispute. Finally, Smith's invocation of the Fair Debt Collection Act is entirely without merit, as the statute expressly excludes "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties" from the definition of "debt collector." 15 U.S.C. § 1692a(6)(C). Accordingly, we affirm the judgment of the district court.

Also before this court is the government's motion requesting that Smith be sanctioned for bringing a frivolous appeal pursuant to 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure. We agree that sanctions are warranted. Smith's appeal is "patently frivolous," because it is "completely devoid of relevant legal authority" and fails to set forth a "single comprehensible legal argument" relevant to the district court's dismissal for lack of subject matter jurisdiction. Rayner v. United States, No. 00-60625, 2001 WL 422610, at *1 (5th Cir. March 29, 2001) (unpublished); see also Olympia Co., Inc. v. Celotex Corp., 771 F.2d 888, 893 (5th Cir.1985) ("A frivolous appeal is one which involves legal points not arguable on their merits." (internal quotation omitted)). Smith barely mentions the jurisdictional issues central to this case, contending that

subject matter jurisdiction—the very authority of a court to hear a case—is a mere "technicality." Instead, he devotes most of his brief to untenable arguments that, as a resident of Texas, he is not subject to federal income taxes, and that federal taxes are voluntary. "Although some latitude may be afforded to pro se taxpayers who misunderstand the nature of the tax laws, pro se status is not a license to litter the dockets of the federal courts with ridiculous allegations" such as those set forth by Smith. Parker v. Comm'r, 117 F.3d 785, 787 (5th Cir. 1997). We also note that Smith chose to file this frivolous lawsuit even though he was well aware that the Tax Court had jurisdiction to review the IRS Office of Appeals' determination—his first complaint in another district court had already been dismissed for that exact reason.

The government seeks an award of $8,000 as a lump sum sanction to partially compensate it for the costs of defending Smith's appeal. This court has approved the practice of imposing a lump sum sanction in lieu of costs because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs." Id. Considering that, according to the government's brief, the average expense incurred by the Tax Division of the Department of Justice in the defense of frivolous taxpayer appeals amounts to over $11,000, and in light of our previous awards of sanctions in similar cases, we agree that an $8,000 lump sum sanction is appropriate. See Wallis v. Commissioner, 203 F. App'x 591, 594 (5th Cir. 2006) (unpublished) (awarding an $8,000 flat fee sanction against taxpayer appellant for filing a frivolous appeal). This sanction should deter Smith from filing yet a third lawsuit in the district courts.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED and the government's motion for sanctions in the amount of $8,000 is GRANTED.