T.C. Memo. 2011-127


UNITED STATES TAX COURT



WARREN THOMAS BARRY, ET AL.,[1] Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket Nos. 4754-07L, 5026-07L, Filed June 7, 2011.
            25882-08L.



Warren Thomas Barry, pro se.

Sheri Redeker Barry, pro se.

Miriam C. Dillard, for respondent.



_____

    [1]Cases of the following petitioner are consolidated herewith
for the purpose of this opinion:  Sheri Redeker Barry, docket
Nos. 5026-07L and 25882-08L.

MEMORANDUM OPINION

WELLS, Judge: The instant cases are before the Court on respondent's motions for summary judgment pursuant to Rule 121.[2] The issue we must decide is whether petitioners Warren Thomas Barry and Sheri Redeker Barry (Mr. Barry and Ms. Barry, respectively) are entitled to a face-to-face collection due process hearing in each of these cases.

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. At the time they filed their petitions, petitioners resided in Florida.[3]

### Docket No. 25882-08L: Ms. Barry's 1988, 1989, 1990, 1991, and 1992 Tax Years

Ms. Barry failed to file income tax returns for her 1988, 1989, 1990, 1991, and 1992 tax years. Respondent therefore prepared returns for Ms. Barry pursuant to section 6020(b). Respondent subsequently sought to collect by levy Ms. Barry's liabilities for those years. Ms. Barry submitted a request for a collection due process hearing. Respondent issued a notice of

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[3]At the time of the instant motions, Mr. Barry was incarcerated at the Federal Correctional Institution in Miami, Florida, and Ms. Barry was incarcerated at the Federal Correctional Institution in Coleman, Florida.

determination, and Ms. Barry sought review of that determination in this Court in the case at docket No. 8458-00L. That case was decided on September 30, 2003, when the Court entered a stipulated decision sustaining respondent's determination.

Respondent subsequently mailed to Ms. Barry a Notice of Federal Tax Lien and Your Right to a Hearing with respect to her 1988, 1989, 1990, 1991, and 1992 tax years, and Ms. Barry responded by requesting a collection due process hearing. In a letter attached to her request, dated April 25, 2005, Ms. Barry contended that the Internal Revenue Service (IRS) is entitled to impose an income tax only on Federal employees and those who reside in the District of Columbia or other parts of the "Federal Zone", including "IRS Districts". Ms. Barry argued that because she has never resided in such an area, the IRS has no jurisdiction to impose an income tax on her. In closing her letter, Ms. Barry wrote:

> It is high time that Americans secure their Rights from vicious, malicious, and deceptive government agents who are acting above the law and blatantly disregard their Oath of Office. * * *. I am tired of those in public office making threats, false claims of debt, and false claims of being one who is made liable by mailing presentments that lack any reference to an Implementing Regulation(s) which must be published in the Federal Register as mandated by enacted federal law on the IRS.

> You ma'am, are a liar, a cheat, and a defrauder. By your actions, you have willfully disregarded and violated enacted federal law which is evident by your fraudulent Notice of Federal Tax Lien for all to see.

Respondent's Appeals Office informed Ms. Barry that the Appeals Office considered the arguments she advanced in her request for a collection due process hearing to be frivolous or groundless and that Ms. Barry would not be entitled to a face-to-face hearing unless she was prepared to discuss issues related to the collection of her tax liability.  Ms. Barry subsequently sent respondent's Appeals Office a number of other letters contesting respondent's determination, none of which substantively addressed any collection issues or alternatives.  The Appeals Office eventually denied Ms. Barry's request for a face-to-face hearing and issued Ms. Barry a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) dated October 7, 2008.

In its notice of determination, the Appeals Office explained that the only arguments Ms. Barry advanced were frivolous or groundless and that Ms. Barry never proposed any collection alternatives or discussed the payment of her tax liabilities. The notice of determination also stated that the Appeals Office had verified that requirements of all applicable laws and administrative procedures had been met.  Ms. Barry timely filed a petition with this Court.

Docket No. 5026-07L:  Ms. Barry's 1993, 1995, 1996, 1997, 1998, and 1999 Tax Years

Ms. Barry also failed to file income tax returns for her 1993, 1995, 1996, 1997, 1998, and 1999 tax years.  Respondent

therefore prepared returns for Ms. Barry pursuant to section 6020(b). Respondent subsequently sought to collect by levy Ms. Barry's liabilities for those years. Ms. Barry submitted a request for a collection due process hearing. Respondent issued a notice of determination, and Ms. Barry sought review of that determination in this Court at docket No. 8458-00L. As noted above, the case at that docket number was decided on September 30, 2003, when the Court entered a stipulated decision sustaining respondent's determination.

Respondent subsequently mailed to Ms. Barry a Notice of Federal Tax Lien and Your Right to a Hearing for those years, and Ms. Barry requested a collection due process hearing. The Appeals Office conducted a telephone hearing on May 19, 2005. In a letter dated June 22, 2005, Ms. Barry asked for the opportunity to submit collection alternatives, asked for verification that all procedural requirements had been met, and contended that all the actions taken by the IRS against her were void because the IRS had not enacted "substantive regulations" applicable to Ms. Barry. However, Ms. Barry's letter did not actually propose any collection alternatives. After additional correspondence, respondent issued a notice of determination dated June 29, 2005, which explained that because the Appeals Office considered all of the arguments Ms. Barry raised to be frivolous, Ms. Barry was not entitled to the face-to-face hearing she had requested. The

- 6 -

notice of determination also stated that the Appeals Office had verified that requirements of all applicable laws and administrative procedures had been met.

After receiving respondent's notice of determination, Ms. Barry filed a complaint in the U.S. District Court for the Middle District of Florida (the District Court) seeking review of respondent's notice of determination.  On June 12, 2006, the District Court dismissed Ms. Barry's case, holding that the District Court lacked jurisdiction to review respondent's notice of determination pursuant to section 6330(d)(1).[4]  See Redeker-Barry v. United States, 97 AFTR 2d 2006-3097, 2006-2 USTC par. 50,459 (M.D. Fla. 2006).  Ms. Barry appealed the District Court's ruling, but the Court of Appeals for the Eleventh Circuit affirmed the District Court.  See Redeker-Barry v. United States, 476 F.3d 1189 (11th Cir. 2007).

Ms. Barry subsequently timely filed a petition with this Court.

---

[4]The then-applicable version of sec. 6330(d)(1) granted exclusive jurisdiction of Ms. Barry's case to the Tax Court because of our jurisdiction over the underlying tax liability; i.e., income tax.  Sec. 6330(d)(1) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019, effective for determinations made more than 60 days after Aug. 17, 2006, which granted the Tax Court exclusive jurisdiction over all collection due process appeals, regardless of whether we have jurisdiction over the underlying tax liability.

Docket No. 4754-07L:  Mr. Barry's 2000, 2001, and 2002 Tax Years

Mr. Barry filed an income tax return for his 2000 tax year on which he reported zero income and zero liability.[5]  Mr. Barry failed to file income tax returns for 2001 and 2002.  Respondent therefore prepared returns for Mr. Barry's 2000, 2001, and 2002 tax years pursuant to section 6020(b).  Respondent subsequently mailed to Mr. Barry a Notice of Intent to Levy and Notice of Your Right to a Hearing.  Respondent also mailed to Mr. Barry Notices of Filing of Federal Tax Lien and Your Right to a Hearing.  Mr. Barry requested a collection due process hearing with respect to the lien notices.

Mr. Barry requested a face-to-face collection due process hearing with respondent's Appeals Office.  However, the Appeals Office informed Mr. Barry that it considered the issues raised in his request for a hearing to be frivolous and that he would not be granted a face-to-face hearing unless he provided the Appeals Office with written notice of the specific relevant issues he wished to raise at the hearing.  The Appeals Office also mailed Mr. Barry a copy of the IRS publication "The Truth About Frivolous Tax Arguments".  In reply, Mr. Barry wrote a letter in

---

[5]Pursuant to sec. 6702, the IRS imposed a frivolous return penalty on Mr. Barry for reporting zero income and zero tax liability on his 2000 tax return.  Mr. Barry challenged that penalty in the District Court, which upheld the penalty.  See Barry v. United States, 101 AFTR 2d 2008-1460, 2008-1 USTC par. 50,293 (M.D. Fla. 2008).

which he contended that because he was not a Federal employee, he was not liable to pay the income tax. In that letter, he also argued that the IRS' actions in taxing him were void because those actions were taken without "substantive regulations". Mr. Barry's letter requested an opportunity for a face-to-face hearing to discuss collection alternatives, but he proposed no collection alternatives. The Appeals Office denied Mr. Barry's request for a face-to-face hearing and issued a notice of determination dated August 9, 2005, in which it explained that, because Mr. Barry had proposed no collection alternatives and had advanced only frivolous arguments, he was not entitled to a face-to-face hearing. The notice of determination also stated that the Appeals Office had verified that requirements of all applicable laws and administrative procedures had been met.

After receiving the notice of determination, Mr. Barry filed a complaint in the District Court seeking review of the notice of determination. The District Court dismissed Mr. Barry's complaint on April 19, 2006, holding that it lacked jurisdiction to review the notice of determination. See Barry v. United States, 97 AFTR 2d 2006-2174, 2007-1 USTC par. 50,368 (M.D. Fla. 2006). On January 31, 2007, the Court of Appeals for the Eleventh Circuit affirmed the District Court. See Barry v. United States, 215 Fed. Appx. 933 (11th Cir. 2007).

Mr. Barry subsequently filed a petition with this Court. Respondent moved to dismiss Mr. Barry's case, contending that his petition was not timely. However, in an order dated July 1, 2008, we denied respondent's motion. In that order, we warned Mr. Barry that this Court has repeatedly rejected the arguments Mr. Barry raised in his petition and in his arguments before respondent's Appeals Office. We also warned him that we would consider his continued maintenance of those arguments as grounds for imposing a penalty under section 6673.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Summary judgment is appropriate in the instant case because the relevant facts are not in dispute. The legal issue we must

decide is whether petitioners are entitled to face-to-face collection due process hearings.

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c). If an administrative hearing is requested, the hearing is to be conducted by the Office of Appeals. Secs. 6320(b)(1), 6330(b)(1). At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).

A taxpayer may raise any relevant issue at the hearing, including challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). A taxpayer may also challenge the existence or amount of the underlying tax liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute

such tax liability." Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 5-6 (2004).

Following the hearing, the Appeals officer must determine whether the proposed collection action should proceed. In making the determination the Appeals officer shall take into consideration: (1) Whether the requirements of any applicable law or administrative procedure have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

In determining whether the requirements of any applicable law or administrative procedure have been met, an Appeals officer is not required to rely on any particular document. Craig v. Commissioner, 119 T.C. 252, 261-262 (2002). In evaluating a taxpayer's arguments, an Appeals officer is not required to consider irrelevant or frivolous arguments. Elias v. Commissioner, T.C. Memo. 2009-236; Moline v. Commissioner, T.C. Memo. 2009-110, affd. 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.

Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. Katz

v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  Section 6330 hearings have generally been informal.  Davis v. Commissioner, 115 T.C. 35, 41 (2000).  We have held that it is not an abuse of discretion for an Appeals officer to deny a taxpayer's request for a face-to-face hearing where the taxpayer has raised only frivolous or groundless arguments.  Elias v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

This Court has jurisdiction to review an Appeals officer's determination.  Sec. 6330(d)(1).  Where the taxpayer's underlying liability was not properly at issue in the hearing, we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  An Appeals officer's determination will not be an abuse of discretion unless the determination is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

In each of the instant cases, respondent's Appeals Office verified that respondent followed all applicable laws and administrative procedures.  The record in each case establishes that, as required by section 6330(c), in making its determination the Appeals Office properly balanced the need for the efficient collection of tax with petitioners' legitimate concerns that

collection be no more intrusive than necessary.  Throughout their extensive correspondence with respondent's Appeals Office, petitioners failed to raise any nonfrivolous arguments and failed to offer any collection alternatives.  Petitioners have not shown why it would be unfair or unduly intrusive to proceed with the collection actions.

Petitioners filed notices of objection to respondent's motions for summary judgment (notices of objection) that are identical in all material respects.  In each of those notices of objection, petitioners assert that they abandon the arguments made in their petitions regarding their rights to a face-to-face hearing before respondent's Appeals Office.  Instead, petitioners each claim that he or she is willing, upon his or her release from prison, to "prepare original returns for the years at issue * * * and at that time, request collection alternatives."  However, petitioners note that they "[reserve] an argument for appeal regarding the authority of the Commissioner to administer tax laws outside the District of Columbia without internal revenue districts."  Petitioners then devote five out of the six pages of their notices of objection to an argument that the IRS lacks jurisdiction to administer tax laws outside the District of Columbia.

Petitioners' good faith in claiming that they are willing to prepare original tax returns and to discuss collection

alternatives is belied by their unwillingness to actually abandon the same frivolous arguments they have continued to press since the beginning of these proceedings despite warnings that such arguments are frivolous. Moreover, the time for petitioners to prepare those returns and suggest collection alternatives is long past.

On the basis of the foregoing, we conclude that it would not have been productive for respondent to schedule face-to-face hearings. Accordingly, we hold that it was not an abuse of discretion for respondent to determine that it was appropriate to sustain the notices of Federal tax lien, and no genuine issue of material fact exists requiring trial. We shall therefore grant respondent's motions for summary judgment. We have considered all of petitioners' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. In our order dated July 1, 2008, we warned Mr. Barry that we have frequently imposed the section 6673 penalty on taxpayers who have continued to advance arguments similar to

those he has made throughout these proceedings.  Despite the fact that petitioners received similar warnings from respondent's Appeals Office and despite the fact that the District Court and the Court of Appeals for the Eleventh Circuit rejected similar arguments advanced by petitioners during their criminal trials, see United States v. Barry, 371 Fed. Appx. 3 (11th Cir. 2010); United States v. Barry, No. 2:08-CR-56-FTM-99SPC (M.D. Fla. June 22, 2009), petitioners continued to advance the same frivolous arguments before this Court.  Accordingly, we shall impose a penalty pursuant to section 6673 of $20,000 in the case at docket No. 4754-07L, and $10,000 in each case at docket Nos. 5026-07L and 25882-08L.

To reflect the foregoing,

Appropriate orders and decisions will be entered for respondent.