Nasca v New York State Dept. of Taxation & Fin. (2022 NY Slip Op 03157)





Nasca v New York State Dept. of Taxation & Fin.


2022 NY Slip Op 03157


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

532753
[*1]Dean Nasca, Appellant,
v
New York State Department of Taxation and Finance, Respondent.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Dean Nasca, Bayport, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Ceresia, J.
Appeal from an order of the Court of Claims (DeBow, J.), entered December 22, 2020, which granted defendant's motion to dismiss the claim.
Claimant filed his 2016 state income tax return, expecting a refund of $3,063. He then received a notice from defendant's desk audit bureau, requesting documentation to support his claimed deductions and indicating that he would not receive his refund until he submitted the requested documents. Claimant did not provide these documents and instead wrote back to defendant, asserting that its audit policy was illegal, not authorized by the State Administrative Procedure Act (hereinafter SAPA) and violative of his due process rights. According to claimant, a conciliation conference was held at which a representative of defendant agreed that claimant was entitled to the full refund of $3,063, but the refund was not provided at that time.[FN1] Claimant then filed the instant claim, following which defendant moved to dismiss for lack of subject matter jurisdiction. The Court of Claims granted the motion, and claimant appeals.
We affirm. Generally, the jurisdiction of the Court of Claims "is limited to actions seeking money damages against the [s]tate in appropriation, contract or tort cases," and it may not hear cases requesting strictly equitable relief (Ozanam Hall of Queens Nursing Home v State of New York, 241 AD2d 670, 671 [1997]; see Court of Claims Act § 9 [2]). "To determine if the Court of Claims has subject matter jurisdiction, the threshold question is whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (Hoffman v State of New York, 42 AD3d 641, 642 [2007] [internal quotation marks, brackets and citations omitted]). This issue is to be resolved without regard to the claimant's characterization of the claim (see id.). It must also be decided whether the claim requires review of an administrative agency's determination and, therefore, should be brought pursuant to a CPLR article 78 proceeding in Supreme Court (see City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008]).
The essence of the subject claim is that defendant's desk audit procedure, and specifically the method by which it selects certain tax returns for review, is a rule that was not promulgated pursuant to the rule-making requirements of SAPA. This is a classic example of a challenge that is properly brought pursuant to CPLR article 78 (see e.g. Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d 1144, 1146 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). To the extent that claimant assertsthat defendant's audit methodology is arbitrary and capricious, such an argument similarlyfalls squarely within the ambit of CPLR article 78 (see CPLR 7803 [3]; see e.g. Matter of A & J Gifts Shop — Vanni v Chu, 145 AD2d 877, 878 [1988], lv denied 74 NY2d 603 [1989]). As for claimant's positionthat [*2]the audit procedure was unconstitutional as applied to him, this contention,if meritorious, would entitle claimant to equitable relief in the form of a declaratory judgment (see Matter of Karlsberg v Tax Appeals Trib. of the State of N.Y., 85 AD3d 1347, 1350 [2011], appeal dismissed 17 NY3d 900 [2011]), and would therefore fall outside the Court of Claims' purview.
Claimant also argues that subject matter jurisdiction over this claim arises out of Tax Law § 3034. That statute creates a private right of action in the Court of Claims for a challenge totax collection activity that allegedly violates a provision of the tax code or the regulations promulgated thereunder (compare Shwarz v United States, 234 F3d 428, 433 [9th Cir 2000]). Claimant's argument fails for two reasons. First, the claim does not allegethat defendant's internal audit procedure violates any provision of the tax code or regulations, but only that it violates SAPA.
Second, the alleged improper failure to issue a tax refund does not constitute actionable collection activity. Tax Law § 3034 was modeled upon Internal Revenue Code § 7433 (see 26 USC § 7433; Bill Jacket, L 1997, ch 577 at 43), and a review of cases analyzing the latter statute reveals that tax collection is legally distinct from tax assessment (see Ivy v Commissioner of Internal Revenue Serv., 877 F3d 1048, 1050 [DC Cir 2017]; Gandy Nursery, Inc. v United States, 412 F3d 602, 607 [5th Cir 2005]; Gonsalves v Internal Revenue Serv., 975 F2d 13, 16 [1st Cir 1992]). "[T]o prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the [taxing entity] did not follow the prescribed methods of acquiring assets" (Shaw v United States, 20 F3d 182, 184 [5th Cir 1994], cert denied 513 US 1041 [1994]; accord Gandy Nursery, Inc. v United States, 412 F3d at 607; see Goldberg v United States, 881 F3d 529, 534 [7th Cir 2018], cert denied ___ US ___, 138 S Ct 1564 [2018]). Examples of actionable collection activity include sending a taxpayer a demand for payment as well as filing a tax lien (see Miller v United States, 763 F Supp 1534, 1543 [ND Cal 1991]). By contrast, a "claim for damages resulting from the government's refusal to [provide] a tax refund runs afoul of [Internal Revenue Code §] 7433" in that it does not challenge any collection activity (Gonsalves v Internal Revenue Serv., 975 F2d at 16). Here, claimant makes no allegation that defendant took any affirmative steps toward the collection of taxes owed; instead, claimant paid taxes to defendant and then argued that it improperly withheld his refund (seeIvy v Commissioner of Internal Revenue Serv., 877 F3d at 1050).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: At oral argument, claimant acknowledged that he has now received his tax refund. However, since the claim seeks damages beyond the amount of the refund (see Tax Law § 3034 [b]), this appeal is not moot (see Matter of Loudon House LLC v Town of Colonie, 123 AD3d 1406, 1407 n [2014]).