John Bruce STEIDEL, Plaintiff—
Appellant,

v.

Russ EVANS, team manager of the appeals section of the IRS; Tim Paul, appeals officer of the IRS, Defendants—Appellees.

No. 02–35733.

D.C. No. CV–02–05205–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 16, 2002.*

Decided Feb. 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

### MEMORANDUM**

### OVERVIEW

John Bruce Steidel ("Appellant") appeals pro se a dismissal from the United States District Court for the Western District of Washington. The Internal Revenue Service Office of Appeals ("IRS") approved a levy against Appellant for unpaid taxes. Appellant sought review of this administrative determination in federal district court.

The district court gave two independent justifications for its decision to dismiss the complaint for lack of subject matter jurisdiction. First, the district court found that it lacked jurisdiction pursuant to the statutory scheme. Second, the district court found that the United States did not waive sovereign immunity.

On appeal, Appellant focuses primarily on the merits of his claim rather than the jurisdictional question. Appellant's arguments lack merit because they are either improper at this stage of the proceedings or frivolous.

### STANDARD OF REVIEW

The district court's dismissal of Appellant's complaint for lack of subject matter jurisdiction is subject to de novo review.

See *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir.2002). The court's factual findings relevant to its determination of subject matter jurisdiction are reviewed for clear error. *See United States v. Peninsula Communications*, 287 F.3d 832, 836 (9th Cir.2002).

### DISCUSSION

While Appellant raises a number of arguments on the merits of his case, the only real issue before this court is whether the district court properly dismissed the action for lack of subject matter jurisdiction. Because the district court lacked subject matter jurisdiction, it properly refrained from deciding the merits and dismissed the case.

Appellant alleges that the district court had federal question jurisdiction. 28 U.S.C. § 1331. He asserts that the federal question arises under 1) 26 C.F.R. § 601.102, which provides that employment taxes are not within the jurisdiction of the Tax Court, and 2) 26 U.S.C. § 6330(d)(1), which sets forth procedures and jurisdiction for judicial review following a tax levy hearing. These procedures include judicial review of the determination:

The person [against whom the tax levy determination has been made] may, within 30 days of a determination under this section, appeal such determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**700**

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C. § 6330(d)(1).

Thus, if the Tax Court has jurisdiction with respect to the underlying subject matter, the Tax Court has exclusive jurisdiction over an action seeking judicial review of a tax levy determination following a hearing. When the underlying taxes are income taxes, the Tax Court has such exclusive jurisdiction. 26 C.F.R. § 601.102(b)(1)(i).

Appellant asserted that the underlying tax liability involved employment taxes. There is no evidence that suggests that the Appellant is liable for employment taxes. The district court found Appellant's assertion "frivolous and without merit."

Contrary to Appellant's assertion, the district court found that the underlying tax liability concerned unpaid income taxes. The district court based its finding on several pieces of evidence that demonstrated the unpaid taxes were income taxes.

Finding that the underlying taxes were income taxes, the district court applied 26 U.S.C. § 6330(d)(1) and dismissed the case for lack of subject matter jurisdiction. The district court also referred to a decision of another court that came to an identical conclusion in a similar case. *True v. Commissioner*, 108 F.Supp.2d 1361 (M.D.Fla.2000) (district court lacks subject matter jurisdiction over a Section 6330 appeal involving income tax as opposed to employment tax).

## CONCLUSION

Because the underlying taxes are income taxes, the Tax Court has exclusive

jurisdiction. Therefore, the district court properly dismissed the case for lack of subject matter jurisdiction.

AFFIRMED.