[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14074
Non-Argument Calendar

_____

D.C. Docket No. 03-23147-CV-FAM

DAVID N. PETERSON,

Plaintiff-Appellant,

versus

CHESTER KREIDICH,
EDWARD BLUM,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 13, 2005)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant David N. Peterson appeals *pro se* the district court's dismissal for lack of subject matter jurisdiction of his complaint seeking judicial review of an administrative determination by the Internal Revenue Service (IRS) under 26 U.S.C § 6330 and alleging a due process violation.

Peterson argues that the district court erred by dismissing his complaint for lack of subject matter jurisdiction as his complaint raised a violation of due process, not an income tax dispute. Further, he contends that the district court erred by finding that the United States Tax Court had jurisdiction over his due process claims. Peterson also argues that individual defendants Chester Kreidrich and Edward Blum violated his due process rights by terminating his collection due process (CDP) hearing and not allowing him to present any issues or record the hearing. Finally, he maintains that the district court erred by relying on the Notice of Determination without holding a hearing because the notice erroneously stated that all procedural requirements had been followed.

We review questions of subject matter jurisdiction *de novo*. *Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004).

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States." 26 U.S.C. § 6321. If a

person refuses to pay such tax within ten days of notice and demand for payment, the IRS may collect the tax by a levy on the taxpayer's property. 26 U.S.C. § 6331(a). However, the IRS cannot collect taxes by levy until the taxpayer is notified of the right to request a CDP hearing within 30 days of the notice. 26 U.S.C. § 6330(a)(1), (2); *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003). Such notice is required only once for each taxable period. 26 U.S.C. § 6330(a)(1). When a taxpayer's request for a CDP hearing is untimely, the taxpayer is granted an administrative hearing called an "equivalent hearing." 26 C.F.R. § 301.6330-1(i)(1). An equivalent hearing generally follows the procedures for a CDP hearing, except the IRS appeals office will issue a Decision Letter instead of a Notice of Determination, and there is no right to appeal an equivalent hearing decision. 26 C.F.R. § 301.6330-1(i)(1)(2)(Q&A I-5).

Where the taxpayer timely requested a CDP hearing, he or she may appeal within 30 days of the decision. 26 U.S.C. § 6330(d)(1). Such appeal must be filed in tax court unless the tax court "does not have jurisdiction of the underlying tax liability," in which case the appeal is filed in district court. 26 U.S.C. § 6330(d)(1)(A), (B).

The tax court has exclusive jurisdiction over challenges to an IRS determination of income tax liability. *See* 26 U.S.C. §§ 6212(a), 6213(a), 7442; 26

C.F.R. §§ 301.6330-1(f)(2)(Q&A F-3), 601.102(b)(1)(i). Additionally, although we have not decided the question whether a due process violation in the determination of income taxes will confer subject matter jurisdiction on a district court, other circuits that have addressed the issue have reached the conclusion that such an alleged violation does not confer subject matter jurisdiction on the district court if the underlying claim involves income tax issues. *See e.g.*, *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (finding that the district court lacked subject matter jurisdiction over appellant's due process challenge relating to his CDP hearing because the tax court has jurisdiction over cases involving income taxes); *Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985) (finding that although appellant asserted constitutional violations, the claim was one for determination of his income tax liability, which is properly within the jurisdiction of the tax court); *Manino v. Brown*, 357 F.3d 143, 146 (1st Cir. 2004) (finding tax protester's challenge plus notice of determination upholding lien based on her income tax liability could only be reviewed by the Tax Court as it has exclusive jurisdiction.[1] We find persuasive and adopt the reasoning of our sister circuits in the present case.

---

[1]See also *Steidel v. Evans*, No. 02-35733, 2003 WL 342339, at (9th Cir. Feb. 12, 2003) ("when the underlying taxes are income taxes, the Tax Court has . . . exclusive jurisdiction." (citing 26 C.F.R. § 601.102(b)(F)(i)).

Accordingly, we conclude from the record that the district court did not err in dismissing Peterson's complaint for lack of subject matter jurisdiction because (1) with respect to tax year 1993, he was entitled to only an equivalent hearing because he did not timely request a CDP hearing, and a taxpayer is not entitled to judicial review of a decision following an equivalent hearing; and (2) with respect to tax years 1994 and 1995, Peterson was required to file his appeal in tax court because the tax court has jurisdiction over income tax liability, the underlying tax liability in his case.

**AFFIRMED.**