[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2007
THOMAS K. KAHN
CLERK

No. 06-13925
Non-Argument Calendar
_____

D. C. Docket No. 06-00160-CV-FTM-99-SPC

SHERI REDEKER-BARRY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Sheri Redeker-Barry ("Barry"), proceeding pro se, petitions this court to

review the Internal Revenue Service's ("IRS") denial of a Collections Due Process Hearing ("CDPH") in connection with a determination of income tax liability. Because the U.S. Tax Court has exclusive jurisdiction over claims relating to income tax liability, the district court properly determined that it lacked subject-matter jurisdiction over the petition. Accordingly, we affirm.

Barry filed a pro se petition in the District Court for the Middle District of Florida, seeking review of the IRS's denial of a CDPH following the IRS's determination of income tax owed. She alleged that the IRS's actions deprived her of her constitutional rights to due process and protection from improper seizures when it denied her request for a face-to-face CDPH. The IRS had denied the hearing, finding her claims were frivolous, and issued its notice of determination, in which it informed Barry that she could appeal to the U.S. Tax Court if she disagreed with the determination. Barry did not file an appeal with the Tax Court, but instead filed the instant petition in the district court.

The government moved to dismiss the petition on the ground that the district court lacked subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), citing Peterson v. Kreidich, 139 Fed. Appx. 134 (11th Cir. 2005) (unpublished), in which this court dismissed identical claims. In response, Barry alleged that the court had jurisdiction to hear the substantial constitutional issues raised in her petition, citing

2

Schultz v. IRS, 413 F.3d 297 (2d Cir. 2005). The district court dismissed the petition for lack of subject-matter jurisdiction.

On appeal, Barry asserts that the court had jurisdiction under Schultz, and that this court must address the jurisdictional issue. She distinguished Peterson on the ground that Peterson was not entitled to a CDPH because his request was untimely, and the equivalent hearing, to which Peterson was entitled, was not subject to judicial review. She then argues the merits of her due process and seizure claims, and she challenges the IRS's determination of her tax liability and the use of Form 1040 as in violation of the Paperwork Reduction Act.

We review questions of subject-matter jurisdiction de novo. Palmer v. Braun, 376 F.3d 1254, 1257 (11th Cir. 2004).

Under the Internal Revenue Code, the IRS may issue a lien and place a levy on a person's property to collect unpaid taxes. 26 U.S.C. §§ 6213, 6321, 6331(a). However, the IRS cannot levy property to collect until it notifies the taxpayer of the right to a CDPH.[1] 26 U.S.C. §§ 6320(a), 6330(a); Roberts v. Comm'r, 329 F.3d 1224, 1227 (11th Cir. 2003).

When the IRS issues its notice of determination following the CDPH hearing, the taxpayer may appeal the decision within 30 days, and this appeal must

_____

[1] The CDPH request must be made within 30 days of the notice to be timely. 26 U.S.C. § 6330(a). There is no dispute in this case that the request was timely.

3

be filed in the Tax Court.[2] 26 U.S.C. § 6330(d)(1). The Tax court has jurisdiction over challenges to an IRS determination of income tax liability. 26 U.S.C. §§ 6212(a), 6213(a), 7442.

Here, Barry timely requested the CDPH after receiving notice of the lien. But after the IRS denied the hearing, Barry did not appeal to the Tax Court. Instead, she filed her petition in the district court. Because the Tax Court had exclusive jurisdiction over the petition, as Barry challenged the procedures in connection with the underlying tax liability, the court properly dismissed the petition for lack of subject-matter jurisdiction.

There is no merit to Barry's claim that the constitutional issues vest jurisdiction in this court. We are persuaded by the reasoning of the other circuits that have addressed this claim and concluded that an alleged due process violation does not confer subject-matter jurisdiction on the district court if the underlying claim involves income tax issues.[3] Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir.

---

[2] Such appeal must be filed in Tax Court unless the Tax Court "does not have jurisdiction of the underlying tax liability," in which case the appeal is filed in district court. 26 U.S.C. § 6330(d). In this case, the Tax Court would have jurisdiction on the underlying income tax liability. 26 U.S.C. § 6330(d).

[3] This court has addressed the issue in an unpublished opinion, which is not binding. Peterson, 139 Fed. Appx. at 136. We further conclude that Barry's argument that Peterson is distinguishable has no merit. The holding of that case stands for the proposition that the Tax Court retains jurisdiction over constitutional claims that relate to determinations of the underlying tax liability.

2004) (holding that the district court lacked subject matter jurisdiction over appellant's due process challenge relating to his CDPH because the Tax Court has jurisdiction over cases involving income taxes); Marino v. Brown, 357 F.3d 143, 146 (1st Cir. 2004) (holding that the Tax Court had exclusive jurisdiction over tax protester's challenge to notice of determination upholding lien based on her income tax liability); Martin v. C.I.R., 756 F.2d 38, 40 (6th Cir. 1985) (holding that although appellant asserted constitutional violations, the claim was one for determination of his income tax liability, which is properly within the jurisdiction of the Tax Court).

Moreover, Barry misunderstands the Second Circuit's decision in Schultz. In that case, the court held that a taxpayer was entitled to judicial review before facing penal consequences for refusal to adhere to IRS summons. In contrast, the instant case does not pose penal consequences, and Barry has a proper remedy before the Tax Court. Should she find it necessary to appeal the decision of the Tax Court, she may bring her claims before this court after that decision. Fed. R. App. P. 13.

Accordingly, the district court properly dismissed the petition for lack of subject-matter jurisdiction, and we **AFFIRM.**

5