[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2007
THOMAS K. KAHN
CLERK

No. 06-14066
Non-Argument Calendar
_____

D. C. Docket No. 05-00009-MC-FTM-29-SPC

SHERI REDEKER-BARRY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
AMSOUTH BANK,
SUSAN STONIER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(February 22, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Sheri Redeker-Barry appeals the district court's May 30, 2006, order denying as moot her motion to "request a *de novo* determination of December 1, 2005, order denying Petition To Quash IRS Form 2039 Third-Party Summons," and the denial of her motion for reconsideration requesting the district court reconsider the May 30, 2006, order. Though Redeker-Barry's notice of appeal states she is appealing the magistrate judge's May 24, June 5, and December 1, 2005, orders denying her motions to quash and for reconsideration, this Court only possesses jurisdiction to review the district court's orders denying her "motion to request a *de novo* determination" and final motion for reconsideration.

First, AmSouth's compliance with the IRS summons did not render this case moot because the district court could have provided a partial remedy by ordering the IRS to destroy or return all copies of the documents produced by AmSouth. *See Church of Scientology v. United States*, 113 S. Ct. 447, 450 (1992). Accordingly, the district court erred in denying Redeker-Barry's "motion for a *de novo* determination" as moot. Second, we have held that, where the legality of an IRS summons is at issue, a taxpayer has a minimal right to discovery which can be fulfilled through an evidentiary hearing at the district court. *United States v. Harris*, 628 F.2d 875, 881 (5th Cir. 1980).[1] The district court erred in denying

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior

2

Redeker-Barry the opportunity to conduct discovery before denying her "motion to request a *de novo* determination." We vacate the denial of Redeker-Barry's motion, and remand to the district court for discovery and consideration of whether the IRS summons of Redeker-Barry's records from AmSouth should be quashed.

**VACATED AND REMANDED.**

to close of business on September 30, 1981.