[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 8, 2008
THOMAS K. KAHN
CLERK

No. 07-14930
Non-Argument Calendar

_____

D. C. Docket No. 07-14149-CV-JEM

WARREN LAVELL JACKSON,

Plaintiff-Appellant,

versus

HONORABLE DWIGHT L. GEIGER,
HONORABLE LARRY SCHACK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 8, 2008)**

Before ANDERSON, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Warren Lavell Jackson, a state inmate proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. He asserts that the state judges assigned to preside over a state court post-conviction proceeding, Judge Geiger and Judge Schack, denied him due process and his right of access to the courts by refusing to conduct an evidentiary hearing by telephone on his motion for collateral relief. The district court dismissed his suit based on a finding that Judge Geiger and Judge Schack had absolute immunity. On appeal, he argues that the district court erred in finding that Judge Geiger and Judge Schack had absolute immunity because they abused their authority by disregarding his numerous attempts to exercise his right of access. He further argues that even if Judge Geiger and Judge Schack have absolute immunity from damages, he is still entitled to declaratory and injunctive relief. [1]

Procedurally, we review questions of subject matter jurisdiction de novo. Redeker-Barry v. United States, 476 F.3d 1189, 1190 (11th Cir. 2007). Federal

---

[1] To receive declaratory or injunctive relief, a plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and that there is an absence of an adequate remedy at law. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Here, Jackson had adequate remedies at law. Under Fla.R.Crim.P. 3.850, a person in state custody may contest the reasons for their incarceration and may file a motion with the appropriate state court. Fla.R.Crim.P. 3.850(a). Any adverse ruling may be appealed under Florida law to an appropriate state appellate court from an order entered on a petition. Fla.R.Crim.P. 3.850(g). Thus, Jackson is not entitled to declaratory or injunctive relief.

2

courts are obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking. <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). After reviewing Jackson's complaint, we conclude that pursuant to <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and <u>District of Columbia Court of Appeals v. Feldman,</u> 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed. 206 (1983); 28 U.S.C. § 1257, the district court did not have jurisdiction to the extent that Jackson was challenging the validity of a state court decision on the merits of his post-conviction claim. Accordingly, we construe the district court's dismissal as under Rule 12(b)(1) for lack of subject matter jurisdiction and affirm on this basis. Moreover, to the extent Jackson was not challenging the validity of the state court decision, his claim is barred by absolute judicial immunity and he failed to state a claim.

    **AFFIRMED.**