[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16166
Non-Argument Calendar
_____

D. C. Docket No. 07-00372-CV-FTM-99-DNF

SHERI REDEKER-BARRY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

AMSOUTH BANK,
SUSAN STONIER,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sheri Redeker-Barry, appealing pro se, challenges the district court's denial of her motion to quash an Internal Revenue Service ("IRS") tax summons to AmSouth for Redeker-Barry's bank records. After review, we affirm.

This case comes back to us after we vacated the denial of Redeker-Barry's motion to quash and remanded "to the district court for discovery and consideration of whether the IRS summons of Redeker-Barry's records from AmSouth [bank] should be quashed." See Redeker-Barry v. United States, 218 Fed. Appx. 868, 869 (11th Cir. 2007) (unpublished) (concluding that "AmSouth's compliance with the IRS summons did not render this case moot because the district court could have provided a partial remedy by ordering the IRS to destroy or return all copies of the documents produced by AmSouth").[1]

Redeker-Barry did not file any tax returns for the years 2001-2004. In September 2004, IRS agent Susan Stonier was assigned to determine Redeker-Barry's tax liabilities for those years. But Redeker-Barry refused to provide any records. In May 2005, Stonier properly issued and served an administrative summons on AmSouth for Redeker-Barry's bank records for 2000-2004 to

---

[1]We have addressed Redeker-Barry's tax issues on other occasions as well. See Redeker-Barry v. United States, 476 F.3d 1189, 1190 (11th Cir. 2007) (affirming dismissal of denial of a collections due process hearing on subject matter jurisdiction grounds).

determine whether Redeker-Barry had earned any taxable income for those years. There was no pending criminal investigation at that time.

Redeker-Barry's main claim before the magistrate judge, the district court, and now on appeal, is that the IRS issued the summons for an improper purpose. That is, she contends that the IRS impermissibly issued the summons to gather evidence for a criminal investigation. On remand, the magistrate judge authorized four months of discovery and an evidentiary hearing to determine whether this was true. The government then moved for summary judgment.

On December 10, 2007, the magistrate judge conducted an evidentiary hearing. Three witnesses, including Stonier, Michael Townsend, and Redeker-Barry, all testified. Following the evidentiary hearing, the magistrate judge issued a report and recommendation ("report") containing findings of fact and conclusions of law.

After applying the proper framework for determining whether an IRS summons to a third party is proper, see La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985),[2] and after evaluating the witnesses' testimony, Stonier's

---

[2]We recently applied this standard in Nero Trading, LLC v. U.S. Dep't of Treasury, I.R.S., ___ F.3d ___, 2009 WL 1606956, at *4 (11th Cir. June 10, 2009) ("The Service must show: (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed." (quotation marks and citation omitted)).

affidavit, and all evidence supporting Redeker-Barry's contentions,[3] the magistrate judge found that the government met its prima facie burden of proving that the summons was proper and that Redeker-Barry had failed to meet her burden of proof as to the motion to quash. Specifically, the magistrate judge found that the purpose of Stonier's investigation was to determine the amount of income tax due from the years 2000-2004, that Stonier did not conduct the investigation in bad faith, and that Stonier acted within the scope of her authority to issue the summons. The report recommended that the government's motion for summary judgment be granted and the motion to quash be denied. Redeker-Barry filed objections to the report.

On June 6, 2008, the district court overruled the objections and adopted the legal and factual findings in the magistrate judge's report. In addition, the district court took judicial notice that after the magistrate judge filed the report, the government initiated criminal proceedings against Redeker-Barry. Although the district court noted that the criminal charges appeared to be for separate tax years from those in this case, it stayed the instant case and directed the parties to submit

---

[3]The report concluded that Redeker-Barry failed to present evidence on any of the key issues. Redeker-Barry alleged that she had been subject to a criminal investigation since 2002 and that she spoke with Ladd Brown, an IRS attorney, who told her that one of her payments was referred to the Criminal Investigation Division. But she "did not provide any documentary evidence" to support that claim. Nor did she meet "her burden of producing any evidence" that the years 2000-2004 were encompassed in any alleged investigation.

memoranda addressing whether the stay should remain in effect until the resolution of the criminal proceedings. On September 29, 2008, the district court lifted the stay,[4] denied Redeker-Barry's motion for reconsideration of the June 6, 2008 order, entered judgment in favor of the government, and denied Redeker-Barry's motion to quash summons. Redeker-Barry appealed.

Redeker-Barry's main argument on appeal is that the IRS impermissibly issued the summons in bad faith and for the purpose of conducting a criminal investigation. She contends that the district court erred in denying her motion to quash and in entering summary judgment for the government. We review a denial of a petition to quash an IRS summons for clear error, see Nero Trading, LLC v. U.S. Dep't of Treasury, I.R.S., ___ F.3d ___ , 2009 WL 1606956, at *4 (11th Cir. June 10, 2009); United States v. Morse, 532 F.3d 1130, 1131 (11th Cir. 2008) (per curiam), and an entry of summary judgment de novo, Swisher Int'l, Inc. v. Schafer, 550 F.3d 1046, 1050 (11th Cir. 2008). Redeker-Barry also challenges the magistrate judge's rulings with respect to, inter alia, whether she properly served AmSouth, the denial of extra time for discovery, the denial of her motion for leave to respond to the respondent's opposition to her request for an extension of time

_____

[4]Redeker-Barry initially moved to maintain the stay until her motion for reconsideration of the June 6, 2008 order was denied. But on August 18, 2008, she filed another motion for reconsideration alternatively asking for the stay to be lifted so that she could appeal the underlying ruling.

for discovery, and the denial of her motions to compel discovery. After review, we conclude that Redeker-Barry's claims on appeal lack merit. In particular, Redeker-Barry has shown no clear error in the fact-findings adopted by the district court. Nor has Redeker-Barry shown any reversible error in the district court's conclusions of law.

As to Redeker-Barry's challenges to the magistrate judge's handling of the case, discovery rulings, and other non-dispositive rulings, we discern no error. Redeker-Barry did not object to the magistrate judge's non-dispositive rulings within ten days. Therefore, she has waived them. See Smith v. School Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007) (citing Fed. R. Civ. P. 72); see also Farrow v. West, 320 F.3d 1235, 1249 n.21 (11th Cir.2003) (applying same rule to pro se litigant). Even if she had objected within the authorized time, we still would find no error in the magistrate judge's rulings. We review discovery rulings for abuse of discretion, see Adkins v. Christie, 488 F.3d 1324, 1330 (11th Cir. 2007), and find no such abuse here.

**AFFIRMED**.