[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11791
Non-Argument Calendar
_____

Agency No. 25833-06L

GUIDO A. IMPROTA,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(October 15, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Guido A. Improta, proceeding pro se, appeals from a decision by the Tax Court upholding a determination by the Internal Revenue Service ("IRS") Office of Appeals sustaining a proposed tax levy against him. For the reasons set forth affirm, we affirm.

## I.

In May 2005, the IRS sent Improta a notice of deficiency, informing him that he owed unpaid income tax for the years 2000 to 2003. The notice of deficiency also informed Improta that, if he wished to contest the deficiency, he could file a petition in the Tax Court within 90 days. The following month, Improta sent the IRS a letter and affidavit, in which he acknowledged receipt of the notice of deficiency, admitted that he had not filed tax returns from 2000 to 2003, but disputed the IRS's authority to tax him. Improta, however, never filed a petition in the Tax Court contesting the notice of deficiency.

In February 2006, the IRS issued a final notice of intent to levy and of the right to a collection due process ("CDP") hearing. Though Improta requested a CDP hearing, no such hearing ever took place, and the IRS Office of Appeals issued a notice of determination sustaining the proposed levy.

Improta then filed the instant petition in the Tax Court, challenging the notice of determination on the ground that he never received a CDP hearing. Although the Tax Court remanded the case for such a hearing, Improta and the IRS

settlement officer could not agree on a time and place for the hearing. After Improta failed to attend two hearings scheduled by the settlement officer, the Office of Appeals issued a second notice of determination, sustaining the proposed levy due to Improta's failure to attend the hearings and to submit requested, financial documentation.

Improta filed a "response" to the second notice of determination in the Tax Court, alleging that the IRS failed to accommodate his requests for an in-person CDP hearing. The Tax Court scheduled the matter for a bench trial, at which time Improta repeated the above assertion. The court then asked Improta what he intended to argue at the CDP hearing, and Improta responded that he would argue that there was no taxing statute granting the IRS authority to tax him.

The Tax Court issued a bench opinion, in which it concluded that the IRS Office of Appeals did not abuse its discretion by issuing its notice of determination sustaining the tax levy. The court also found that Improta's argument regarding the IRS's failure to accommodate his request for an in-person hearing was "without merit." Finally, the court noted that, because Improta previously received the notice of deficiency, he was not permitted to challenge his underlying tax liability, and, in any event, his argument that there was no valid taxing statute was frivolous.

## II.

"We review the Tax Court's factual findings for clear error and its legal

3

conclusions de novo." Creel v. C.I.R., 419 F.3d 1135, 1139 (11th Cir. 2005). Under § 6331 of the Internal Revenue Code, the Secretary may collect unpaid taxes by way of levy on a taxpayer's property. 26 U.S.C. § 6331(a); Roberts v. C.I.R., 329 F.3d 1224, 1227 (11th Cir. 2003). However, no levy may be made unless the Secretary notifies the taxpayer in writing of his right to a CDP hearing. 26 U.S.C. § 6330(a)(1); Redeker-Barry v. United States, 476 F.3d 1189, 1190 (11th Cir. 2007). At such a hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. 26 U.S.C. § 6330(c)(2). However, the taxpayer may challenge the "existence or amount of [his] underlying tax liability" only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Id. § 6330(c)(2)(B).

After the hearing, the IRS Office of Appeals is charged with making a determination upon considering the issues raised by the taxpayer, whether the requirements of any applicable law or administrative procedures have been met, and whether "the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Id. § 6330(c)(3). The taxpayer may

4

seek judicial review of the Office of Appeals's determination in the Tax Court. Id. § 6330(d)(1); Redeker-Barry, 476 F.3d at 1190-91.

**III.**

In this case, and despite the liberal construction afforded to Improta's pro se appellate brief, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), he does not challenge any aspect of the Tax Court's decision below or the Office of Appeals' underlying determination sustaining the proposed tax levy. Nor does he raise his primary argument advanced below, namely, that the Office of Appeals did not accommodate his request for an in-person CDP hearing. Accordingly, he has abandoned any such arguments. See Horsley v. Feldt, 304 F.3d 1125, 1128, 1131 n.1 (11th Cir. 2001) (arguments not raised on appeal by a pro se litigant are deemed abandoned).

Instead, Improta devotes his entire brief to arguing that the IRS generally lacked authority to tax him. However, Improta may not challenge the "existence . . . of [his] underlying tax liability" in this proceeding because, as the Tax Court noted, the record makes clear that he previously received a notice of deficiency, yet failed to file a timely petition in the Tax Court contesting it. 26 U.S.C. § 6330(c)(2)(B). Accordingly, we affirm.

**AFFIRMED.**

5