[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10035

Non-Argument Calendar

_____

DYLAN CHASE MOBLEY,

                                                                    Plaintiff,

ELIJAH THOMAS,

                                                        Plaintiff-Appellant,

*versus*

U.S. GOVERNMENT,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

D.C. Docket No. 5:19-cv-00116-LGW-BWC

———————————

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Elijah Thomas appeals the district court's dismissal of his claims against the United States alleging improper assessment, collection, and failure to refund income tax. We conclude that the district court lacked jurisdiction over Thomas's tax-refund claim, that Thomas failed to present sufficient evidence supporting his wrongful-lien claim to survive summary judgment, and that his amended complaint otherwise failed to state a claim for relief. We therefore affirm.

**I.**

Elijah Thomas and Chase Mobley filed a joint complaint against the United States, alleging that employees of the Internal Revenue Service improperly assessed or collected income tax from them for tax years 2014–2018. In their amended complaint, they made frivolous assertions that they were not subject to federal income tax, despite earning income in the form of wages. *See Biermann v. Comm'r*, 769 F.2d 707, 708 (11th Cir. 1985) (rejecting similar arguments as "patently frivolous"). They alleged that the IRS unlawfully attempted to collect income tax from them and refused to refund tax withheld from their wages.

As relevant to this appeal, the district court construed the amended complaint to allege that the IRS improperly: (1) denied

the plaintiffs' tax refund claims; (2) denied them a hearing or ruling on their request for a determination that they were not subject to income tax; (3) failed to provide signed copies of their tax assessments; (4) levied Thomas's wages; and (5) filed a notice of tax lien and subsequently failed to release the lien.[1]  On the government's motion, the district court dismissed the plaintiffs' tax-refund claims for lack of subject matter jurisdiction and dismissed their claims for denial of a hearing on their tax status, invalid tax assessment, and wrongful levy for failure to state a claim.

After a period of discovery, the parties filed cross-motions for summary judgment.  The district court denied the plaintiffs' motion for summary judgment and granted summary judgment to the government on the remaining claim.  Thomas now appeals.[2]

**II.**

We review a district court's dismissal for lack of jurisdiction or failure to state a claim de novo.  *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1294 (11th Cir. 2023).  We also review a district court's order

---

[1] The district court also discerned other claims in the amended complaint, including allegations that the IRS improperly denied the plaintiffs a collection-due-process hearing and violated the federal Racketeer Influenced and Corrupt Organizations Act.  We affirm the district court's dismissal of those claims without further discussion because Thomas has not challenged their dismissal on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Initially, both Thomas and Mobley appealed the district court's judgment. But the joint appeal was dismissed for want of prosecution, and only Thomas's appeal has been reinstated.

granting summary judgment de novo. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018).

## III.

### A.

Thomas first challenges the dismissal of his tax refund claim. The district court determined that it lacked jurisdiction under 28 U.S.C. § 1346 to adjudicate the tax refund claim because Thomas had failed to show that he paid his taxes in full before filing suit. On appeal, Thomas argues that he waived the jurisdictional requirements of § 1346, and that in any event, the relevant section of the Internal Revenue Code permits the filing of tax refund claims without prepayment of the tax.

We reject both arguments. *First*, it is well established that although § 1346 grants district courts original jurisdiction over civil actions to recover "erroneously or illegally assessed or collected" taxes, "full payment of the assessment is a jurisdictional prerequisite to suit." 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145, 146 (1960). And Thomas's attempt to "waive" this jurisdictional prerequisite has no effect—"[j]urisdictional requirements cannot be waived or forfeited." *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1497 (2022).

*Second*, Thomas's argument that § 7422 of the Internal Revenue Code permits a refund suit in district court without prepayment of the tax is based on a misreading of that statute. The provision Thomas cites states that a suit for refund of an improperly assessed or collected tax, penalty, or other sum "may be

maintained whether or not such tax, penalty, or sum has been paid under protest or duress." 26 U.S.C. § 7422(b). This statute does not contradict the long-established rule that full payment of an assessment is required "before an income tax refund suit can be maintained in a Federal District Court." *Flora*, 362 U.S. at 177. It simply allows a taxpayer to seek a refund—*after* paying the tax in full—even if she did not pay willingly.

## B.

Thomas also challenges the district court's dismissal of his claim that the IRS improperly denied him a hearing or ruling on his letter seeking a determination of his tax status. In his complaint, Thomas alleged that the lack of response denied his "right to challenge the IRS position and be heard, and to receive [a] response if the IRS does not agree with [his] position."

The district court did not err in dismissing this claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ((quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads facts supporting a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Thomas's allegations, even taken as true, do not support any actionable claim for relief against the government for failing to respond to his letter. He did not state in his complaint, and has not stated on appeal, any statutory basis for claiming that the

IRS was required to respond to his frivolous arguments for exemption from income tax. His letter challenging his tax status was not submitted in connection with the collection or payment of any particular tax, and therefore could not form the basis for an unauthorized-collection claim pursuant to 26 U.S.C. § 7433 or a tax refund claim under § 7422.

The amended complaint referred only to a Treasury Department regulation stating, in part, that it "is the practice of the Internal Revenue Service to answer inquiries of individuals and organizations, whenever appropriate in the interest of sound tax administration, as to their status for tax purposes and as to the tax effects of their acts or transactions." 26 C.F.R. § 601.201(a)(1). Nothing in that regulation requires the IRS to respond to letters like Thomas's, or provides a private right of action if the IRS does not respond. It would not serve "the interest of sound tax administration" for the IRS to expend its limited resources responding to arguments that courts have repeatedly rejected. *See, e.g.*, *Waters v. Comm'r*, 764 F.2d 1389, 1390 (11th Cir. 1985) ("the law is well established and long settled that wages are includable in taxable income"). And to the extent that Thomas contends that his allegations stated a procedural due process claim, that argument also fails because (1) he did not allege that the IRS's failure to respond to his letter deprived him of any liberty or property interest, and (2) in any event, procedural due process claims involving the determination of tax liability are not cognizable in federal district court. *See Bradshaw v. Fed.*

*Aviation Admin.*, 8 F.4th 1215, 1224 (11th Cir. 2021); *Redeker-Barry v. United States*, 476 F.3d 1189, 1190–91 (11th Cir. 2007).

### C.

Next, Thomas contends that the district court erred in dismissing his claim that the IRS denied his "right to an assessment dated and signed by the assessment officer for the years 2014–2018." Amended Complaint ¶ 22. Thomas has again failed to identify any statute providing a private cause of action for his claim. His reference to section 7433 of the Tax Code is unavailing—that section permits a taxpayer to sue for the violation of a statute or regulation "in connection with any *collection* of Federal tax," but Thomas has not alleged that the failure to provide signed and dated assessment records was in connection with any collection activity. 26 U.S.C. § 7433(a) (emphasis added). Section 7433 does not provide a vehicle to challenge the validity of a tax assessment in federal district court—and Thomas has not identified any statute that does. *See Redeker-Barry*, 476 F.3d at 1190–91 (challenges to "procedures in connection with the underlying tax liability" must be brought in Tax Court); *see also Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991) (taxpayers may bring suit to challenge the procedural validity of a lien, but not "the merits of the underlying assessment"). The district court did not err in dismissing Thomas's improper-assessment claim.

### D.

Thomas also challenges the district court's dismissal of his claim for improper levy. In his amended complaint, Thomas

alleged that he was "not subject to levy" for the same (frivolous) reasons that he was not subject to income tax. He also alleged that the underlying tax debt was unlawful because it was based on a "void assessment," and because the IRS had not calculated a tax "deficiency" or served him with a "statutory notice of deficiency."

Thomas's conclusory allegations that he was "not subject to" the levy on his wages and that the levy was "unlawful" were insufficient to state a plausible claim for unlawful tax collection practices. *See* 26 U.S.C. § 7433(a); *Iqbal*, 556 U.S. at 678. As we have explained, his allegation that the underlying tax assessment was invalid could not support a claim in federal district court. *See Redeker-Barry*, 476 F.3d at 1190–91. And his allegation that the IRS failed to provide him with a "statutory notice of deficiency" could not support his improper-levy claim because he did not allege facts showing that such notice was required.

The Internal Revenue Code authorizes the IRS to provide notice of a tax "deficiency"—that is, tax calculated by the IRS that exceeds the amount shown on the taxpayer's return (plus or minus amounts not relevant here)—when it determines that a deficiency exists. 26 U.S.C. § 6212; *see id.* § 6211 (defining "deficiency"). And the Code generally requires the IRS to provide the notice described in § 6212 before it institutes a levy or court proceeding to collect on a tax deficiency. *See* 26 U.S.C. § 6213.

Thomas affirmatively alleged, however, that the IRS did *not* calculate a "deficiency" for the tax years at issue. It follows that the IRS was not required to provide the "statutory notice of deficiency"

referenced in Thomas's complaint.  The district court did not err in dismissing Thomas's improper-levy claim for failure to state a claim.

### E.

Last, we consider (and reject) Thomas's argument that the district court erred in granting summary judgment to the government on his claim that the IRS illegally failed to release the tax lien on his property.  Again, Thomas alleged that the tax lien was unlawful because the underlying assessment was invalid and because the IRS failed to provide him with a statutory notice of deficiency. As with Thomas's improper-levy claim, his lien claim fails because his challenge to the assessment of tax was not cognizable in district court, and because even under the facts alleged in his complaint, the IRS was not required to provide him with a statutory notice of deficiency.

The undisputed evidence presented by the parties in their summary judgment motions simply proved what was apparent from the allegations in Thomas's complaint—the IRS did not calculate a tax "deficiency" for Thomas and did not file a lien or otherwise attempt to collect on a "deficiency."  Instead, the evidence established that Thomas's IRS lien arose from the tax shown on his initial tax return for 2015 and his corrected return for 2016,[3] and

---

[3] Thomas indicated on his 2016 tax form that he had zero taxable income, but he also attached a W-2 showing that he earned more than $40,000 in wages in 2016.  The IRS treated his indication of zero income as a "mathematical or clerical error" on his return and corrected the error to include the income

from three statutory penalties assessed for filing frivolous returns or amended returns.  The IRS was not required to issue a statutory notice of deficiency before assessing and collecting that debt.[4]  *See* 26 U.S.C. §§ 6212, 6213.  And contrary to Thomas's argument on appeal, the IRS was not required to accept the amended tax returns he submitted after the filing deadline for the 2014 and 2015 tax years.  *See Hillsboro Nat. Bank v. Comm'r*, 460 U.S. 370, 380 n.10 (1983) (noting that acceptance of an amended return after the filing deadline "is not covered by statute but within the discretion of the Commissioner").

## IV.

For the reasons discussed above, we affirm the district court's dismissal of Thomas's refund claim for lack of subject matter jurisdiction and its dismissal of his claims regarding the denial of his requests for determination of his tax status, for signed and dated copies of his tax assessments, and for improper levy for failure to state a claim.  We also affirm the district court's summary

---

shown on his W-2.  *See* 26 U.S.C. § 6213(b)(1).  The IRS is not required to provide notice of a "deficiency" under § 6212 before assessing and collecting taxes arising from the correction of such errors.  *Id.*

[4] That is not to say that no notice was required—the IRS is required to provide notice and a demand for payment after assessing a tax, and before making a levy on salary or wages.  26 U.S.C. §§ 6303, 6213.  But the undisputed evidence showed that the IRS sent Thomas the required notices, including notices of the amount due, notice of the lien and intent to levy, and notices of his right to request a collection due process hearing to challenge the lien or the levy.  *See id.*; *see also id.* §§ 6320, 6330.

judgment in favor of the government on Thomas's claim that the IRS improperly filed and refused to release a tax lien based on his 2015–2016 tax returns and frivolous-filing penalties.

**AFFIRMED.**