T.C. Memo. 2011-6

UNITED STATES TAX COURT

RICHARD E. AND MARION B. SNYDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21267-08.                    Filed January 10, 2011.

Richard E. and Marion B. Snyder, pro sese.

<u>Harry J. Negro</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant case is before the Court on
respondent's motion to dismiss for lack of jurisdiction as to
abatement of interest and collection issues and respondent's
motion for partial summary judgment pursuant to Rule 121[1] as to

---

[1]Unless otherwise indicated, section references are to the
(continued...)

petitioner wife's claim for relief from joint and several liability.[2]  The issues involve petitioners' 1988 and 1989 tax years, and we must decide:  (1) Whether we have jurisdiction to decide petitioners' claim for abatement of interest; (2) whether we have jurisdiction to decide petitioners' claim for review of collection action; and (3) whether res judicata bars petitioner wife from raising a claim for relief from joint and several liability in this Court.

## Background

The facts set forth below[3] are based upon examination of the pleadings, moving papers, responses, and attachments.

Petitioners are husband and wife (hereinafter referred to individually as Mr. Snyder and Mrs. Snyder) who resided in Delaware at the time of filing the petition in the instant case.

Petitioners filed their first petition in this Court over 10 years ago, on December 23, 1997, at docket No. 24568-97 (prior Tax Court case).  At that time petitioners resided in Maryland.

_____

[1](...continued)
Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners have also filed a motion for summary judgment, which, on the basis of our conclusion below, we will deny in the order addressing the instant motions.

[3]We set forth only factual and procedural history relevant to the issues addressed herein.  It would be impractical to attempt to summarize the entire history of petitioners' bankruptcy case and various adversary proceedings, given their extent and complexity.

In their petition in the prior Tax Court case, petitioners disputed respondent's notice of deficiency for tax years 1988 and 1989. Mrs. Snyder made no request for relief from joint and several liability at that time. It was not until December 16, 1998, that Mrs. Snyder raised a claim for relief under section 6015, when she filed with respondent's office a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief). It does not appear from the record that petitioners ever received any determination from respondent on Mrs. Snyder's claim for innocent spouse relief.

The proceedings in the prior Tax Court case were stayed when petitioners filed a bankruptcy petition in the United States Bankruptcy Court in the District of Maryland (the bankruptcy court) on March 15, 1999. On July 21, 1999, petitioners filed an adversary proceeding against respondent, requesting that the bankruptcy court determine their tax liabilities for their 1988 and 1989 tax years. Among the issues that petitioners brought before the bankruptcy court was Mrs. Snyder's claim for relief from joint and several liability. On July 20, 2001, the bankruptcy court entered an Order on Remaining Issues (order on remaining issues) in which, inter alia, it held that Mrs. Snyder had not established an adequate basis for invoking innocent spouse relief. On April 18, 2003, the bankruptcy court entered an Order Determining Tax Liability (order determining tax

liability).  Snyder v. United States, 91 AFTR 2d 2003-2156 (Bankr. D. Md. 2003).  Petitioners subsequently appealed the bankruptcy court's order determining tax liability, and, on September 30, 2005, the U.S. District Court for the District of Maryland (the District Court) reversed a portion of the bankruptcy court's order determining tax liability and remanded the case for further consideration.  Snyder v. IRS, 337 Bankr. 542 (D. Md. 2005).

On October 30, 2006, the bankruptcy court issued an Order on Remand (order on remand).  Snyder v. United States, Adversary No. 99-5583 (Bankr. D. Md. Oct. 30, 2006).  The order on remand ruled that petitioners' unpaid tax liability for their 1988 tax year was $60,214.94 and that they were liable for $3,010 in penalties, plus interest, and that their unpaid tax liability for their 1989 tax year was $46,795 and that they were liable for $9,359 in penalties, plus interest.  Id.  After the bankruptcy court denied their motion to reconsider the order on remand, petitioners filed another appeal with the District Court on January 16, 2007.[4] With their appeal, petitioners also filed a Designation of Items and Statement of Issues, noting that issues raised on appeal included all those remanded by the District Court in its

[4]At the time of this appeal, petitioners had already filed at least 13 bankruptcy appeals in the U.S. District Court for the District of Maryland.  Snyder v. IRS, No. 1:07-CV-00255-BEL (D. Md. Mar. 8, 2007).

September 30, 2005, opinion, as well as Mrs. Snyder's claim for relief under section 6015(f).[5] The District Court issued an unpublished opinion on March 8, 2007, affirming the bankruptcy court's order on remand. Snyder v. IRS, No. 1:07-CV-00255 (D. Md. Mar. 8, 2007). Petitioners subsequently appealed to the U.S. Court of Appeals for the Fourth Circuit (the Court of Appeals), which affirmed the District Court in an unpublished opinion on September 18, 2007. Snyder v. IRS, 241 Fed. Appx. 984 (4th Cir. 2007).

At the same time petitioners were pursuing the above appeals in the District Court, they were disputing the bankruptcy court's orders in this Court in the prior Tax Court case. At a hearing in the prior Tax Court case on January 11, 2006, to report on the ongoing bankruptcy court proceedings, Mr. Snyder indicated that he believed issues not resolved in petitioners' favor by the bankruptcy court could still be considered by the Tax Court. Specifically, Mr. Snyder stated that he believed this Court could hear Mrs. Snyder's claim for relief under section 6015. After the bankruptcy court issued its order on remand, this Court issued an order, on November 17, 2006, that the parties submit a

---

[5] It is unclear from the record whether the Jan. 16, 2007, appeal was the first time petitioners had appealed the bankruptcy court's order on remaining issues, entered July 20, 2001, in which the bankruptcy court had ruled against Mrs. Snyder's sec. 6015 claim, or whether that issue had already been raised in one of petitioners' other appeals to the District Court.

proposed decision in the prior Tax Court case (prior Tax Court case order). In the prior Tax Court case order, we noted Mrs. Snyder's claim for relief under section 6015 and stated that there was nothing for this Court to decide regarding that claim because the issue "had been raised in the bankruptcy court but, apparently, not decided in her favor."

On May 11, 2007, we issued an order and decision in the prior Tax Court case, deciding petitioners' tax liabilities and penalties consistent with the bankruptcy court's order on remand. After we denied their motion for reconsideration, petitioners appealed, and, on June 3, 2008, the Court of Appeals in an unpublished opinion affirmed this Court's order and decision in the prior Tax Court case. Snyder v. IRS, 280 Fed. Appx. 260 (4th Cir. 2008).

On August 28, 2008, petitioners filed their petition with this Court in the instant case, seeking: (1) An abatement of interest; (2) relief from joint and several liability pursuant to section 6015 for Mrs. Snyder; and (3) a review of respondent's determination concerning collection action. Petitioners concede that they have not received a final determination regarding their request for abatement, and respondent contends that no such determination was issued. Likewise, petitioners admit that they never received a Notice of Determination Concerning Collection

Action, and respondent contends that no such notice was mailed to petitioners.

## Discussion

### I.  Abatement of Interest

The Tax Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  We lack jurisdiction pursuant to section 6404(h) unless and until the Secretary has mailed the "final determination not to abate such interest."  Sec. 6404(h)(1); Rule 280; Williams v. Commissioner, 131 T.C. 54, 57 (2008); Bourekis v. Commissioner, 110 T.C. 20, 27 (1998).  Like a notice of deficiency under section 6213(a), a notice of final determination not to abate interest under section 6404(h) is a prerequisite to the Court's jurisdiction and serves as a taxpayer's "ticket" to the Tax Court.  Bourekis v. Commissioner, supra at 26.

In the instant case, petitioners acknowledge that they have not received from respondent a notice of final determination not to abate interest, but they contend that respondent's silence in reply to their requests is tantamount to a denial and confers jurisdiction on this Court.

We have consistently held that the Commissioner's failure to respond to a taxpayer's request for abatement of interest within

a reasonable time does not constitute a final determination under section 6404(h).  See Gilmer v. Commissioner, T.C. Memo. 2009-296; Ward v. Commissioner, T.C. Memo. 2007-374; Cho v. Commissioner, T.C. Memo. 1998-363.

Accordingly, we hold that this Court lacks jurisdiction to consider petitioners' request for an abatement of interest, and we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike as to petitioners' claim for abatement of interest.

## II.  Collection Notice

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide specified protections for taxpayers in tax collection matters.  Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with the collection of taxes by way of a lien or a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing) and, if dissatisfied, judicial review of the administrative determination.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court.  To obtain judicial review, the taxpayer must file a petition within 30 days

of such determination.  Sec. 6330(d)(1); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000).

From a jurisdictional perspective, the Appeals Office determination provided for in section 6330 is the equivalent of a notice of deficiency.  <u>Offiler v. Commissioner</u>, <u>supra</u> at 498. The Tax Court's jurisdiction depends upon the issuance of a valid notice of determination and the filing of a timely petition for review.  Rule 330(b); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Offiler v. Commissioner</u>, <u>supra</u> at 498.

In the instant case, petitioners admit that they have not received a notice of determination.  In the absence of a determination from respondent's Appeals Office, there is no basis for this Court's jurisdiction under section 6330(d). Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike as to petitioners' claim for review of collection action.

## III. <u>Relief From Joint and Several Liability</u>

Mrs. Snyder requests relief from joint and several liability pursuant to section 6015(f).  Respondent contends that summary judgment is proper as to Mrs. Snyder's section 6015 claim because of res judicata on the basis of the bankruptcy court's prior decision in petitioners' adversary proceeding.

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in a light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).

Under the doctrine of res judicata, when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound by that decision as to all matters that were or could have been litigated and decided in that proceeding.  Commissioner v. Sunnen, 333 U.S.

591, 597 (1948); see also <u>Gustafson v. Commissioner</u>, 97 T.C. 85, 91 (1991). The doctrine "serves to promote judicial economy and the repose of disputes" by precluding repetitious lawsuits. <u>Gustafson v. Commissioner</u>, <u>supra</u> at 91. Because Federal income taxes are determined annually, each year is a separate cause of action, and res judicata is applied to bar subsequent proceedings involving the same tax year. <u>Commissioner v. Sunnen</u>, <u>supra</u> at 597-598; <u>Calcutt v. Commissioner</u>, 91 T.C. 14, 21 (1988).

Under common law principles of res judicata, a taxpayer who was a party to a prior proceeding for the same tax year would be barred from seeking relief from joint and several liability regardless of whether the claim had been raised in the prior proceeding. <u>Vetrano v. Commissioner</u>, 116 T.C. 272, 280 (2001). However, section 6015(g)(2) provides an exception to res judicata where relief from joint and several liability was not an issue in the prior proceeding, unless the court determines that the taxpayer seeking such relief participated meaningfully in that prior proceeding.[6]  Consequently, res judicata will bar a

---

[6]Sec. 6015(g)(2) provides:

Res judicata.--In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not apply if the court determines
(continued...)

taxpayer from requesting relief from joint and several liability under section 6015(b), (c), or (f) only if:  (1) Such relief was an issue in the prior proceeding; or (2) the Court decides that the taxpayer participated meaningfully in the prior proceeding and could have raised relief under section 6015.  See Deihl v. Commissioner, 134 T.C. 156, 162 (2010); Vetrano v. Commissioner, supra at 278; sec. 1.6015-1(e), Income Tax Regs.

There is no question that Mrs. Snyder was a party to prior litigation before the bankruptcy court regarding her tax liabilities for the years in issue or that a valid final judgment on the merits was entered in the bankruptcy court case. Consequently, the only issues we need consider are whether Mrs. Snyder's claim for relief under section 6015 was an issue in the bankruptcy court case or, in the alternative, whether she participated meaningfully in that proceeding and could have raised such a claim.  We first consider the question of whether relief from joint and several liability was an issue in the prior proceeding.

We have held that relief from joint and several liability is an issue in a prior proceeding only when it is raised in the pleadings for the tax year in question.  Deihl v. Commissioner,

---

[6](...continued)
that the individual participated meaningfully in such prior proceeding.

supra at 167.  The bankruptcy court's order on remaining issues makes it clear that Mrs. Snyder's section 6015 claim was raised as an issue in the bankruptcy court case pleadings.  The order on remaining issues labels the section 6015 claim "Issue No. 19", and it states that the bankruptcy court ruled that petitioners "had not established an adequate basis for invoking the innocent spouse doctrine."  Mrs. Snyder now attempts to attack the reasoning underlying the bankruptcy court's order on remaining issues.  However, it is not our place to review the decisions of the bankruptcy court.  Petitioners had the opportunity to, and did, appeal the bankruptcy court's orders to the District Court.  Indeed, petitioners filed at least 13 separate appeals from the bankruptcy court in the District Court.  Petitioners also appealed the District Court's decision to the Court of Appeals.  Petitioners have been given the opportunity to fully litigate their tax liability, including Mrs. Snyder's claim for innocent spouse relief.  Because Mrs. Snyder's section 6015 claim was an issue in the bankruptcy court case and because a final judgment has been entered in that case, we conclude that res judicata prohibits Mrs. Snyder from again raising section 6015 relief before this Court.  See sec. 6015(g)(2).

We need not consider whether Mrs. Snyder actively participated in the Bankruptcy Court case since we conclude that

section 6015 relief was an issue in that litigation.  See sec.

6015(g)(2).

Accordingly, we shall grant respondent's motion for partial

summary judgment on Mrs. Snyder's claim for section 6015 relief.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.