T.C. Memo. 2013-100

UNITED STATES TAX COURT

LORRAINE C. BOYD AND MARVIN T. BOYD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1780-12L.                    Filed April 11, 2013.

Lorraine C. Boyd and Marvin T. Boyd, pro sese.

Sze Wan Florence Char, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  This case is before the Court on respondent's motion to
dismiss for lack of jurisdiction, respondent's motion for summary judgment

**[\*2]** pursuant to Rule 121,[1] and petitioners' cross-motion for summary judgment.  In their petition, petitioners ask us to review the determination of respondent's Appeals Office to proceed with collection actions with respect to petitioners' tax liability for their 2002 tax year.

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments.   Petitioners resided in New Jersey at the time they filed their petition.

Petitioners failed to file an income tax return for their 2002 tax year.  On March 24, 2005, respondent prepared a substitute for return for petitioner Lorraine Boyd (petitioner wife) for her 2002 tax year.  On June 27, 2005, respondent sent to petitioner wife a notice of deficiency via certified mail, addressed to the same address she listed in her petition to this Court.  On November 28, 2005, respondent assessed against petitioner wife tax of $2,721.

On April 13, 2009, respondent sent petitioner wife a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, to inform her that respondent intended to levy to collect her unpaid tax liability for her 2002 tax

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] year.  On May 12, 2009, respondent received from both petitioner wife and petitioner Marvin Boyd (petitioner husband) a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing (Levy Form 12153).  The Levy Form 12153 listed the names of both petitioners as requesting a hearing even though the Letter 1058 was addressed to petitioner wife only.  Additionally, the Levy Form 12153 indicated that petitioners requested a hearing to discuss their 2001 through 2008 tax years, even though the notice of deficiency and Letter 1058 covered only the 2002 tax year.  Petitioners did not request any collection alternatives or advance any challenges to their underlying liability on the Levy Form 12153.

Despite petitioners' filing of the Levy Form 12153, on January 27, 2010, respondent issued a levy on petitioner wife's wages.  Before respondent was able to garnish any of petitioner wife's wages, the January 27, 2010, levy was released on May 19, 2010.

On February 9, 2010, petitioners and respondent entered into an installment agreement requiring that petitioners pay $450 per month to satisfy petitioner wife's outstanding liability for 2002 (installment agreement).  Petitioners made the initial payment pursuant to the installment agreement by a check for $450 that was dated February 9, 2010, and cleared the bank on February 12, 2010.  On April 26,

[*4] 2010, respondent entered petitioners' initial payment of $450 in his records. No additional payments were made in accordance with the installment agreement, and petitioner wife's account reverted to collection status.

On February 9, 2010, respondent issued to petitioner wife a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL). Petitioner wife was also charged $50 in connection with the filing of the NFTL. On March 18, 2010, petitioners sent respondent a timely Form 12153 (Lien Form 12153) requesting a hearing in response to the NFTL. Like the Levy Form 12153, the Lien Form 12153 listed the names of both petitioners as requesting a hearing even though the NFTL was addressed to petitioner wife only. On the Lien Form 12153 petitioners indicated that they wished to discuss their 2002 tax year only and requested an installment agreement and withdrawal of respondent's NFTL in the light of the installment agreement into which petitioners and respondent previously had entered on February 9, 2010, the same date as that of the Letter 3172.

On April 27, 2010, petitioners filed a joint income tax return for their 2002 tax year, reporting a tax liability of $10,033. On July 19, 2010, respondent assessed an additional tax liability of $7,312 for petitioners' 2002 tax year.

**[\*5]** On July 6, 2011, respondent inadvertently issued to petitioner wife's employer a levy on petitioner wife's wages and to petitioner wife's bank a levy on any amounts deposited. Respondent released the wage levy on July 28, 2011. Neither petitioners nor respondent believe that respondent garnished any wages as a result of the wage levy. Regarding the bank levy, respondent received a response to the levy from petitioner wife's bank stating that it had no records regarding petitioner wife.

On September 23, 2011, Settlement Officer P.R. Brewton (SO Brewton), employed in respondent's Appeals Office, received petitioners' case for review. On October 4, 2011, SO Brewton sent petitioners a letter to notify them of the release of the wage levy and the bank levy. The October 4, 2011, letter, which was addressed to petitioner wife, also notified her that SO Brewton had scheduled a collection due process hearing (CDP hearing) via telephone conference for November 1, 2011. Petitioners were informed that if petitioner wife wished to reschedule or preferred a face-to-face hearing, she was to notify SO Brewton by October 18, 2011. SO Brewton also informed petitioner wife that in order to discuss collection alternatives at the hearing, petitioner wife would need to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and provide supporting documentation by October 18,

[*6] 2011. Additionally, petitioner wife was informed that she would be required to file all required Federal tax returns. Neither petitioner wife nor petitioner husband submitted a Form 433-A or any supporting documentation.

On October 31, 2011, petitioner husband called SO Brewton to request a 30-day continuance of the CDP hearing. Petitioner husband stated that he had requested assistance from the Taxpayer Advocate Service and that petitioner wife had traveled to Florida to care for her mother, who was having surgery. SO Brewton informed petitioner husband that she could not speak with him as he did not have a power of attorney for petitioner wife's 2002 tax year. Petitioner husband then called petitioner wife to include her in the conference call with SO Brewton. SO Brewton denied the request for a 30-day continuance but rescheduled the CDP hearing for November 9, 2011, when petitioner wife was expected to return from Florida. SO Brewton also informed petitioners that the Taxpayer Advocate Service had no jurisdiction over respondent's Appeals Office and that the Appeals Office would resolve all issues with respect to petitioner wife's outstanding 2002 tax liability.

On November 1, 2011, the date of the original CDP hearing, petitioners again called SO Brewton. During the call SO Brewton informed petitioners, and petitioner wife acknowledged, that the call constituted her CDP hearing. SO

[*7] Brewton addressed petitioner wife's questions and concerns and concluded the call by informing petitioners that she would issue a notice of determination to sustain the collection actions because, among other reasons, petitioner wife had failed to provide either the Form 433-A or supporting financial documentation.

On December 13, 2011, SO Brewton issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to sustain respondent's collection actions. The notice of determination was addressed only to petitioner wife.

## Discussion

I.     Respondent's Motion To Dismiss for Lack of Jurisdiction

On August 1, 2012, respondent filed a motion to dismiss for lack of jurisdiction as to petitioner husband. Respondent contends that no notice of determination sufficient to confer jurisdiction on the Court pursuant to sections 6320(c) and 6330(d) had been sent to petitioner husband with respect to his 2002 tax year. The Court's jurisdiction to review a collection action is dependent on the issuance of a valid notice of determination and a timely petition for review. Sec. 6330(d)(1); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Petitioners contend that they have filed joint tax returns annually since they were married in 1972, including their return for their 2002 tax year, apparently

[*8] suggesting that respondent must pursue collection actions against both petitioners. In support of their contention petitioners cite section 6013(d)(3), which provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." We disagree with petitioners' contention. Section 6330 does not require the Commissioner to treat a husband and wife who have filed a joint return as a single person for purposes of the section 6330 provisions. Moorhous v. Commissioner, 116 T.C. 263, 271 (2001). Indeed, petitioners' argument conflicts with section 6013(d). See Moorhous v. Commissioner, 116 T.C. at 271. A husband and wife are treated as jointly and severally liable for the tax due on a joint return, and, consequently, the Commissioner may elect to pursue one or both spouses for the collection of the tax. Id.

Petitioners also contend that respondent must pursue them jointly because petitioner husband requested to be included in the CDP hearing and the instant judicial proceeding in petitioners' May 1, 2009, letter, he signed the Levy Form 12153 and Lien Form 12153, and respondent acknowledged his request by sending mail addressed to both petitioners. We also reject this contention. Neither petitioners' May 1, 2009, letter or Forms 12153 nor respondent's letters in response constitute a valid notice of determination that confers jurisdiction upon

[*9] this Court with respect to petitioner husband.  In the absence of a determination with respect to petitioner husband from respondent's Appeals Office, there is no basis for this Court's jurisdiction under section 6330(d).  See sec. 6330(d)(1); Offiler v. Commissioner, 114 T.C. at 498; Snyder v. Commissioner, T.C. Memo. 2011-6, 2011 Tax Ct. Memo LEXIS 7, at *10.  Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction as to petitioner husband.[2]

## II.    Parties' Motions for Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and factual inferences are viewed in the light most favorable to the nonmoving party.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  However, the party opposing summary

---

[2]However, we note that respondent must afford petitioner husband all rights and protections allowed under law, including, if requested, a CDP hearing and a separate notice of determination, before pursuing collection actions against him for tax assessed against petitioners for their 2002 tax year.

**[\*10]** judgment must set forth specific facts that show a genuine dispute as to some material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); King v. Commissioner, 87 T.C. 1213, 1217 (1986). Because the parties do not dispute any of the material facts, we conclude that the instant case is ripe for summary judgment.

We have jurisdiction over this matter with respect to petitioner wife because she filed a timely petition for review in response to respondent's valid notice of determination to proceed with collection. See sec. 6330(d)(1). If the validity of the underlying tax liability is not properly in issue, we will review the Appeals Office's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the validity of the underlying tax liability is properly in issue, we will review that matter de novo. Id.

A.    Underlying Liability

Pursuant to section 6321, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes upon demand for payment and failure to pay. See Iannone v. Commissioner, 122 T.C. 287, 293 (2004). However, section 6320(a)(1) requires the Commissioner to give a taxpayer written notice of the filing of a notice of

[*11] Federal tax lien upon that taxpayer's property. The notice of filing must inform the taxpayer of the right to request a hearing with the Commissioner's Appeals Office. Sec. 6320(a)(3).

Similarly, if a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6331(a) authorizes the Commissioner to collect the tax liability by levy on the taxpayer's property. Section 6330(a)(1) provides that no levy may be made on any property or right to property of any taxpayer unless the Commissioner has notified the taxpayer in writing of the right to a hearing under section 6330 before levy is made.

Petitioner wife requested CDP hearings in response to both the Letter 1058 and the NFTL. Neither the Levy Form 12153 nor the Lien Form 12153 that petitioners sent to respondent mentioned any challenge to petitioner wife's underlying liability for her 2002 tax year,[3] but, viewing the facts in the light most favorable to petitioner wife, we believe that she did question the underlying tax liability for her 2002 tax year during her CDP hearing teleconference. In her petition, petitioner wife contends that her "tax liability for 2002 should have been

---

[3]We note that in the Levy Form 12153, petitioners challenged the underlying liability with respect to their 2001 tax year. However, petitioners' tax liability for their 2001 tax year was the subject of a previous case before the Court and has been satisfied.

[*12] paid out of the $11,328.32 wrongfully confiscated by the IRS from tax years

2008 and 2009 to pay a wrongfully determined tax liability for 2001."[4] However,

respondent contends that petitioner wife can no longer challenge the underlying

liability because she had a prior opportunity to do so. We agree with respondent.

Section 6330(c) governs the conduct of a hearing requested by a taxpayer

pursuant to sections 6320(a)(3)(B) and 6330(a)(3)(B). Section 6330(c)(1) requires

the Appeals officer to obtain verification that applicable legal requirements and/or

administrative procedures have been met. At the hearing, the taxpayer may raise

any relevant issue relating to the unpaid tax or the proposed levy, including

---

[4]Petitioner wife does not contend that she directed respondent to apply overpayments from her 2008 and 2009 tax years against her outstanding liability for her 2002 tax year and that respondent erred in misapplying those funds against an outstanding liability for her 2001 tax year. Instead, petitioner wife contends that the tax liability for her 2001 tax year was incorrect and that respondent should not have applied any amounts from her 2008 and 2009 tax years against the 2001 tax liability that she contends does not exist. She contends that those amounts should therefore apply against any outstanding liability for her 2002 tax year. Petitioner wife's contention is without merit. As noted above, petitioners' tax liability for their 2001 tax year was the subject of a previous Tax Court case that was dismissed for lack of jurisdiction on December 17, 2004, and has been satisfied. See Boyd v. Commissioner, docket No. 6060-04S. Moreover, respondent may apply overpayments that are due to petitioners for their 2008 and 2009 tax years against outstanding tax liabilities for any of petitioners' other tax years. See sec. 6402(a); Boyd v. Commissioner, T.C. Memo. 2000-16, 2000 WL 31845, at *3 ("Respondent was authorized under section 6402(a) to apply petitioner's refunds against an outstanding liability for any taxable year and was under no obligation to apply any or all of petitioner's refunds solely against petitioner's liabilities for the years in issue.").

[*13] appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Issues relating to the underlying tax liability may not be raised if the taxpayer has received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B). When evaluating whether a taxpayer received a notice of deficiency, a presumption of official regularity and delivery arises if the record reflects that a notice of deficiency was properly mailed to the taxpayer. Sego v. Commissioner, 114 T.C. 604, 611 (2000). Proper mailing includes mailing by certified mail to the taxpayer's last known address. Id. Where the presumption of official regularity and delivery arises, receipt of the notice of deficiency will be presumed in the absence of clear evidence to the contrary. Id.

A notice of deficiency was issued to petitioner wife for her 2002 tax year on June 14, 2005, and sent to her via certified mail on June 27, 2005, addressed to the same address she listed in her petition to this Court. Petitioner wife does not contend that she did not receive the notice of deficiency or that it was not sent to her last known address, and she did not file a petition in the Tax Court in response to that notice of deficiency. Accordingly, we conclude that petitioner wife had the opportunity to dispute the underlying liability and did not do so. Consequently, petitioner wife may not raise issues relating to the underlying tax liability.

[*14] B.     Abuse of Discretion

Because the validity of the underlying tax liability is not properly in issue, we will review respondent's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. In reviewing for abuse of discretion, we will reject the determination of the Appeals Office if the determination was arbitrary, capricious, or without sound basis in fact or law. See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). However, we do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the levy or the NFTL should be withdrawn. See Murphy v. Commissioner, 125 T.C. at 320. Instead, we consider whether, in the course of making its determination, respondent's Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, including any collection alternative, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes

[*15] with the legitimate concern of the person that any collection action be no more intrusive than necessary. See sec. 6330(c)(1)-(3).

We review petitioner wife's contentions in turn.[5]

### 1.      Denial of Face-to-Face Hearing and Collection Alternative

In her petition, petitioner wife contends that respondent's Appeals Office abused its discretion by denying her a face-to-face hearing. Respondent contends that petitioner wife never requested a face-to-face hearing; but if she had, petitioner wife still would not have been entitled to a face-to-face hearing because she did not provide the requested Form 433-A or supporting financial information. We agree with respondent.

Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. Barry v. Commissioner, T.C. Memo. 2011-127, 2011 WL 2260418, at *5 (citing Katz v. Commissioner, 115 T.C. 329, 337-338, (2000)); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Requests for a face-to-face CDP hearing in order to discuss a collection alternative "will not be granted unless

---

[5]Throughout their pleadings, motions, responses, and conversations with respondent, petitioners make general arguments as to their other tax years or as to petitioner husband, none of which are before us. We do not further address those contentions.

**[\*16]** other taxpayers would be eligible for the alternative in similar circumstances."

Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. To be eligible for a

collection alternative, the taxpayer must provide required returns, make required

deposits of tax, and provide requested financial information, including Form 433-A,

to the Appeals Office. Id.; see also Rivas v. Commissioner, T.C. Memo. 2012-20,

2012 WL 141745, at \*6; Williams v. Commissioner, T.C. Memo. 2008-173, 2008

WL 2834275, at \*9. On her Lien Form 12153 petitioner wife requested an

installment agreement. SO Brewton requested petitioner wife to submit a Form

433-A and supporting documentation by October 18, 2011, if she wished to discuss

collection alternatives. Petitioner wife never submitted a Form 433-A or supporting

financial information, and therefore she was not eligible for a collection alternative.

Consequently, respondent's Appeals Office did not abuse its discretion by denying

petitioner wife's request for a face-to-face hearing, if in fact she ever made such a

request.

      2.     Refusal To Grant Continuance

Petitioner wife contends that respondent's Appeals Office abused its

discretion when it denied her request for a continuance of the CDP hearing. While

an Appeals Officer's unreasonable denial of a request for more time to submit

financial information or other evidence may be an abuse of discretion, see Shanley

[*17] v. Commissioner, T.C. Memo. 2009-17, 2009 WL 195929, at *5; see also Sullivan v. Commissioner, T.C. Memo. 2012-337, at *20, we conclude that the denial by the Appeals Office was not an abuse of discretion.

Petitioner wife learned of the CDP hearing scheduled for November 1, 2011, when she received the October 4, 2011, letter from SO Brewton. The October 4, 2011, letter clearly informed petitioner wife that she should make any requests to reschedule the CDP hearing by October 18, 2011. Petitioner wife did not request rescheduling of the CDP hearing until October 31, 2011, just one day before the scheduled hearing date. At that time, petitioner wife requested rescheduling for 30 days later because she was in Florida with her mother, who was having surgery. SO Brewton declined to reschedule the CDP hearing for 30 days later but, instead, rescheduled the CDP hearing for November 9, 2011, when petitioner wife was expected to return from Florida. On November 1, 2011, despite receiving the extension, petitioner wife, on her own accord, called SO Brewton to discuss her 2002 outstanding liability, the Letter 1058, and the NFTL. During the telephone conference call, SO Brewton made clear that the conversation would constitute petitioner wife's CDP hearing and that all of her issues had been addressed. Petitioner wife did not object at that time.

[*18] Upon consideration of the foregoing, we conclude that the Appeals Office did not abuse its discretion when it denied petitioner wife's request for a 30-day continuance.

### 3. Refusal To Send Transcripts

In the Levy Form 12153 petitioner wife states that respondent "failed to comply with * * * [her] request for IRS Transcripts" so that she could determine the amount owed in order to offer collection alternatives. Although respondent is under no obligation to satisfy petitioner wife's requests for transcripts, see Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Newstat v. Commissioner, T.C. Memo. 2004-208, 2004 WL 2075172, at *6-*7 & n.10, respondent provided petitioner wife with the amount owed in the Letter 1058 and in the NFTL mailed to her. We conclude that there was no abuse of discretion for failing to provide petitioner wife with copies of the transcripts.

### 4. Allowance of Collection Activities

Petitioner wife contends that respondent's Appeals Office abused its discretion by upholding respondent's collection activities despite the existence of the installment agreement.[6] However, petitioner wife failed to make any payments

---

[6]Petitioner wife also contends that she was forced to enter into the installment agreement on February 9, 2010, under duress. However, respondent counters that
(continued...)

**[\*19]** in accordance with the installment agreement after the initial payment of $450 on April 16, 2010, and therefore, the installment agreement was no longer in effect and the account reverted to collection status. See sec. 6159(b)(2), (4).

Petitioner wife also contends that respondent issued three levies despite her request for a CDP hearing in the Levy Form 12153 and Lien Form 12153. If a CDP hearing is timely requested, section 6330(e)(1) suspends a levy action until the conclusion of the hearing and any judicial review. See Boyd v. Commissioner, 124 T.C. 296, 299 (2005), aff'd, 451 F.3d 8 (1st Cir. 2006). Although three levies were indeed issued despite petitioner wife's timely request for a CDP hearing, each of those levies was withdrawn before the garnishment of wages or respondent was otherwise unable to levy on petitioner wife's property. The January 27, 2010, levy on petitioner wife's wages was released on May 19, 2010; the July 6, 2011, levy on petitioner wife's wages was released on July 28, 2011; and the July 6,

---

[6](...continued) petitioner wife entered into the installment agreement on her own accord and that she offers no specific facts for this allegation. Petitioner wife fails to set forth specific facts that show a genuine dispute of material fact exists regarding the issue of duress. See Rule 121(d); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Additionally, petitioner wife did not claim duress regarding the installment agreement during the CDP hearing or at any other time to SO Brewton. We do not review issues raised under sec. 6330(c)(2) if they were not raised at the collection hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). Consequently, we will not further address petitioner wife's claim of duress.

[*20] 2011, levy on petitioner wife's bank account was ineffective because the bank did not have records attributable to petitioner wife. SO Brewton confirmed that all levy action was suspended and stated so in her October 4, 2011, letter to petitioner wife.

Petitioner wife also contends that respondent's NFTL was not withdrawn despite her request for a CDP hearing. Respondent "may file NFTLs for tax periods and taxes, whether or not covered by the CDP Notice issued under section 6330". Sec. 301.6330-1(g)(2), Q&A-G3, Proced. & Admin. Regs. However, pursuant to section 6323(j), an NFTL may be withdrawn without full payment and without prejudice under the following conditions: (1) the filing of the NFTL was premature or otherwise not in accordance with administrative procedures of the Internal Revenue Service; (2) the taxpayer had entered into an installment agreement under section 6159 to satisfy the tax liability for which the NFTL was imposed by means of installment payments, unless such agreement provides otherwise; (3) withdrawal of the NFTL will facilitate collection of the tax liability; (4) with the consent of the taxpayer or the National Taxpayer Advocate (NTA), the withdrawal of such notice would be in the best interest of the taxpayer (determined by the NTA or the taxpayer) and the United States. See Skidmore v. Commissioner, T.C. Memo. 2012-328, at *14-*15; sec. 301.6323(j)-1, Proced. &

[*21] Admin. Regs. Respondent contends that petitioner wife provided no information or support for her contention that the NFTL be withdrawn. We agree with respondent. Petitioner wife has not shown that any of the conditions under section 6323(j) were satisfied. Consequently, petitioner wife's contention is without merit.

Finally, petitioner wife contends that, on March 1, 2010, respondent charged her $50 for "Fees and other expenses for collection" and that the charge is an illegal collection action. Apparently, petitioner wife fails to appreciate that, pursuant to section 6321, costs of the lien may be included in the amount of the lien. We have previously treated assessed collection costs, including lien filing fees, as a part of the taxpayer's tax liability. See, e.g., Sponberg v. Commissioner, T.C. Memo. 2002-177; Hansen v. Commissioner, T.C. Memo. 1996-158. Petitioner wife was charged $50 in connection with the filing of the NFTL. Because the NFTL was a proper collection action, we conclude that SO Brewton did not abuse her discretion in allowing the costs of filing the NFTL to be included in petitioner wife's outstanding tax liability.

5. Conclusion

Petitioner wife has not advanced any argument or introduced any evidence that persuades us that respondent's determination to sustain the levy was arbitrary,

[*22] capricious, or without sound basis in fact. Respondent's Appeals Office determined that the requirements of applicable law and administrative procedure were met and concluded that the proposed collection actions appropriately balanced the need for efficient collection of taxes with petitioners' concerns regarding the intrusiveness of the collection actions. Consequently, we hold that respondent's Appeals Office did not abuse its discretion when it issued a notice of determination upholding the proposed collection actions.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.